**Leonard REESE, Appellant**
**(Contestant below),**

v.

**BRUEGGER RANCHES, INC., Appellee**
**(Contestee below).**

**No. 3786.**

Supreme Court of Wyoming.

Dec. 31, 1969.

Alfred G. Kaufman, Jr., Douglas, for appellant.

Paul B. Godfrey, Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves a contest for a state grazing lease on 1160 acres of state-owned land. Bruegger Ranches, Inc., was the old lessee and as such had a preferred right to a new lease under § 36-66, W.S.1957, 1969 Cum.Supp.

The rental paid by Bruegger Ranches under its expiring lease was 22.4 cents per acre, and its original offer for a renewal lease was at the same rate. Leonard Reese, however, offered to pay a rental of $1.25 per acre on the 1160 acres which he applied for out of the old Bruegger lease.

The Commissioner of Public Lands recommended to the Board of Land Commissioners that the rental be set at 47 cents per acre, which was 5½% of the appraised value of the land. The notice of his recommendation was not entitled "Commissioner's Recommendation." Instead, it was entitled "Commissioner's Decision." It was mailed to each of the conflicting applicants; and it notified such applicants thusly:

"THE COMMISSIONER RECOMMENDS THAT LEASE IN CONFLICT BE AWARDED TO OLD LESSEE, ON HIS PREFERENTIAL RIGHT. THE RENTAL TO BE SET AT MAXIMUM RATE OF 5½% OF APPRAISED RENTAL VALUE OR $545.20 TOTAL for 1,600.00 ACRES AT 47¢ PER ACRE.

\* \* \* \* \* \*

"Thirty days (30) are provided by law for the appeal from this decision to the Board of Land Commissioners, which appeal should be made in writing and filed in the office of the Commissioner of Public Lands, Cheyenne, Wyoming. If no appeal is filed within the thirty day (30) period, this decision will become final, when approved by the Board of Land Commissioners. In case of appeal, notice will be given to the applicants of the date of hearing before the Board of Land Commissioners."

We direct special attention to the fact that the parties were notified, if no appeal is filed within 30 days, the decision of the Commissioner would become final, "when approved by the Board of Land Commissioners." In that connection the records of the Land Office indicate the following:

"BOARD ACTION: Commissioner's Recommendation Approved July 3, 1968."

The record shows and appellant admits that Bruegger Ranches accepted the rental increase and paid the balance of the rental due for the first year, according to the recommendation of the Commissioner of Public Lands, on March 14, 1968. Indeed, when the Board approved the Commissioner's recommendation on July 3, 1968, it found the contestee had already agreed to pay the rental determined by the Board based upon its appraisal and had already in fact tendered unto the Board all of such rental.

*Sole Issue*

Appellant states the one basic issue which we are asked to rule on is whether Bruegger Ranches lost its preference right because it did not file its acceptance and pay the balance of the rental due for the first year within 15 days after being notified of the "decision" of the Commissioner of Public Lands.[1] The notification from

---

1. The Attorney General suggests a lack of jurisdiction because appellant did not file a transcript with the Commissioner in accordance with § 26, Rules of Practice of the Board of Land Commissioners (quoting). The point is without merit since the mentioned rules do not provide a time for the filing and the record does not disclose a failure to file the transcript with the Commissioner. Neither are we impressed with the unsupported criticism of the appellee that the so-called appeal from the Commissioner's decision was not served personally. It would be strange indeed if a greater formality were required in a matter of this nature than under the Rules of Civil Procedure (Rule 5).

the Commissioner, which was entitled "Commissioner's Decision" and which notified the parties what the Commissioner "recommended," was mailed by registered mail January 22, 1968.

Section 36–68, W.S.1957, provides in pertinent part as follows:

"When a preference exists in the old lessee under the provisions of this act * * *, he shall be given fifteen (15) days' notice by registered mail, and if he fails or refuses to file his acceptance together with the balance of the rental due for the first year, within the time specified, the lease shall be awarded automatically to the applicant offering to pay the highest annual rental, or in the event of even offers, shall be disposed of as hereinbefore provided."

Appellant contends the 15 days' notice provided for in § 36–68 was given when notification was given by the Commissioner of his decision and recommendation on January 22, 1968; and that the contestee lost its preference right because it did not file its acceptance and pay the balance within 15 days from that notification.

This contention overlooks that the notice sent by the Commissioner January 22, 1968 showed on its face that the Commissioner's decision (or recommendation) would and could not become final until "approved by the Board of Land Commissioners." Thus, no balance of rental became due until such approval, which took place July 3, 1968. By that time the contestee had already accepted the rental increase and had paid the balance due for the first year.

Under art. 18, § 3, Wyoming Constitution, and under § 36–14, W.S.1957, constitutional and statutory authority is granted to the Board of Land Commissioners to lease lands of the state. Thus, the Commissioner could not finally determine what rental would be due in a contested case of this kind, without the Board's approval; and if he attempted to notify the contestee that the contestee had to accept his recommendation and pay the balance recommended by him, such notice would be premature if it preceded action by the Board.

Section 36–34, W.S.1957, 1969 Cum. Supp., provides, among other things:

"* * * in all cases where there have been conflicting applications to lease or otherwise acquire interests or benefits in said lands, he [Commissioner] shall, before reporting his decisions to said board, give each of said applicants notice of what his decision is with reference to their said applications, and if none of said applicants files an appeal in writing from the decisions of said commissioner to the board within a period of thirty days * * * after the date of said notice, the commissioner shall report his decision to the board for approval at its next meeting * * *."

It will be noticed that § 36–34 requires the Commissioner to give notice to the contesting parties of his decision. Even if there is no appeal, he still must report his decision to the Board for approval at its next meeting. The notice required by this section is different and distinct from the notice required by § 36–68. According to § 36–68, the old lessee must be notified that he is required to file his acceptance and pay the balance of the rental for the first year within 15 days.

It is obvious that § 36–68 must be read in *pari materia* with art. 18, § 3, of the constitution and with §§ 36–14 and 36–34 of the statutes. When so read, it becomes clear that § 36–68 requires 15 days' notice to be given to the old lessee *after* the rental has been finally fixed—either by the Board approving the recommendation of the Commissioner or by taking some other action. There can be no doubt that the Board is free to follow or to modify or to disregard what the Commissioner has recommended.

Our conclusion is that the notice of the Commissioner's decision or recommendation, which was mailed January 22, 1968, was not the notice contemplated in § 36–68,

W.S.1957, but rather the notice contemplated in § 36–34, W.S.1957, 1969 Cum.Supp. This conclusion makes it unnecessary for us to decide the suggested jurisdictional question.

Affirmed.