[Civ. No. 7045. Third Dist. June 2, 1944.]

CALIFORNIA EMPLOYMENT COMMISSION, Respondent, v. JOHN MacGREGOR, Appellant.

Joseph Lewis for Appellant.

Robert W. Kenny, Attorney General, and C. A. Linn, Paul M. Joseph and Doris H. Maier, Deputies Attorney General, for Respondent.

THOMPSON, J.—The defendant John MacGregor, doing business as "Capitol Laundry," has appealed from an order of the Superior Court of Sacramento County, denying his motion to set aside a judgment creating a lien for payment of unemployment contributions in the sum of $532.41, due as required by law, from November 1, 1937, to October 12, 1938. The judgment was entered by the clerk on summary proceedings after a hearing by the commission pursuant to section 45.9 of the Unemployment Insurance Act of California. (Stats. 1935, p. 1850, as amended in 1939, p. 2056; Deering's Gen. Laws, 1939 Supp., p. 1697, Act 8780d.) The appellant contends that the judgment lien is void because the liability was barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure. The statute of limitations was not raised until the motion to set aside the judgment lien was made.

A summary judgment lien was entered against the appellant July 24, 1942, by the county clerk of Sacramento County, for unpaid unemployment contributions from November 1, 1937, to October 12, 1938, in the aggregate sum of $532.41, pursuant to the provisions of section 45.9 of the Unemployment Insurance Act, *supra*. That summary judgment is based on the prior findings and order of the commission upon hearing which occurred April 30, 1942, as provided by the fourth paragraph of the section previously referred to. From the affidavit which was filed in opposition to appellant's motion to set aside the judgment it appears that due notice of the hearing before the commission was given; that the appellant was personally present and failed to plead the statute of limitations; that the only defense which he then made to the liability for payment of delinquent contributions was that he had sold his laundry business on October 12, 1938. It will be observed that the judgment lien does not include delinquent contributions after that date. The

validity of the order of the commission fixing the amount of delinquent contributions was not subsequently challenged in any proceeding.

█ Having failed to raise the defense of the statute of limitations at the hearing before the commission, the appellant waived his right to that personal defense. The statute of limitations is a personal privilege which must be asserted at the proper time and in the proper manner or it is deemed to have been waived. (16 Cal.Jur. 603, § 199.) █ It is too late to raise the defense of the statute of limitations for the first time on a motion to set aside a summary judgment lien which is entered pursuant to law.

Neither the findings nor the order of the commission fixing the liability of this appellant. for delinquent contributions under the Unemployment Insurance Act are before this court. Its jurisdiction to render the order upon which the summary judgment involved in this appeal is founded has not been challenged. Appellant's affidavit which was filed in support of his motion to set aside the summary judgment does not question the jurisdiction of the commission or the validity of its order at that hearing. Indeed, the only ground assigned for setting aside the judgment was that the defendant had no previous knowledge of the entry of the summary judgment and therefore no opportunity to plead the statute of limitations to the claim represented thereby.

█ It was incumbent upon the defendant to make at least a prima facie showing on his motion to set aside the judgment that it was not founded on a valid order of the commission, or that the summary judgment was not rendered pursuant to section 45.9, *supra*. The appellant was accorded a full hearing before the commission on the merits of his liability, and in the absence of either the findings or order of the commission we are bound to assume they are adequately supported by the evidence. (*Sipper* v. *Urban,* 22 Cal.2d 138 [137 P.2d 425].)

█ On the motion to set aside the summary judgment the appellant may not complain either of a lack of notice of the entry of that judgment or that he was thereby deprived of due process. (*People* v. *Skinner,* 18 Cal.2d 349 [115 P.2d 488].) In the case last cited, in which an attack upon section 26 of the Retail Sales Tax Act (Stats. 1933, p. 2399, and amendments, Deering's Gen. Laws of 1937, p. 3892, Act 8493, at page 3900), which is similar to section 45.9 of the

Unemployment Insurance Act, was involved, the court said at pages 354 and 360:

"The defendant and the trial court have misapprehended the requirements of due process involved in proceedings for assessment, levy, and collection of taxes, and the significance of the procedure prescribed by section 26 in relation to the constitutional provisions invoked by the defendant.

"Obviously if an action in a court or other judicial tribunal be necessary for a judgment for the collection of taxes, the state is bound by the provisions applicable to the conduct of such action, and by the general law governing jurisdiction of parties and subject matter. But as long standing as the common law itself is the rule that a more summary method may be provided for the collection of taxes due to the sovereign than is provided for the recovery of judgment for debts between private citizens. This power of government received early recognition in this country. [Citing authorities.]

" 'From all the authorities, it is evident that the state has the power to assess taxes and fix methods for the collection thereof, and it does not matter if these remedies be summary in their nature, so long as the taxpayer is in some way, at some stage of the proceedings, given an opportunity to be heard and to have his rights determined before some competent tribunal.'

"Such a [summary] 'judgment,' not being ordered by a judicial tribunal, is not governed by provisions of the Code of Civil Procedure in like matters, such as the requirement for notice of entry of judgment, with the right to resort to an appellate tribunal."

The foregoing language is applicable to section 45.9 of the Unemployment Insurance Act with relation to the summary proceedings to establish the lien and collect the taxes which are involved on this appeal. It determines the issue contended for by the appellant in this case against him.

The principle declaring that summary proceedings for the collection of taxes are controlling where the statute specifically provides for that remedy is concisely stated in 61 Corpus Juris, page 1044, section 1359, as follows:

"While, in the absence of any other remedy, a suit at law must be used to enforce payment of taxes, it is within the power of the legislature to provide special remedies for the collection of taxes. Summary proceedings are commonly au-

thorized by law and resorted to for the collection of taxes, *and they are not governed by the rules applicable to ordinary judicial proceedings, but only by such as the statute prescribes.''* (Italics added.)

 Assuming, without so deciding, that, notwithstanding the interest which the federal government has in the payment of unemployment contributions (Unemployment Insurance Act, § 2), the statute of limitations may be available as a defense in a proceeding to collect the same, that defense must be invoked at the proper time and in the proper manner or it is deemed to have been waived. Section 45.10 of the act provides that no ''legal or equitable process shall issue in any suit, action or proceeding, in any court against the State or against any officer thereof to prevent or enjoin under this act the collection of any contribution sought to be collected.'' It further provides that the only remedy against the collection of contributions, claimed to have been illegally imposed, is for the employer to pay the contributions under protest, and then to commence an action against the Unemployment Reserves Commission to recover the funds. That section also declares that the demand to recover contributions thus paid under protest is deemed to have been waived unless the action referred to as the exclusive remedy is commenced within sixty days from the time of payment.

In the present case the contributions were not paid under protest, or at all. No action was commenced as provided by section 45.10. The statute of limitations was not invoked at the hearing before the commission when that opportunity might have been afforded. If the judgment were vacated there is no action or proceeding pending in which the defense of the alleged bar of the statute could be invoked.

 Clearly the contributions in question constitute an obligation in the nature of excise taxes. The Supreme Court has definitely decided that contributions paid by an employer under the Unemployment Insurance Act constitute excise taxes. (*Gillum* v. *Johnson,* 7 Cal.2d 744, 763 [62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595.]

 Since the contributions, found by the commission to be due and payable under the Unemployment Insurance Act, consist of taxes due to an agency of the state, and the summary judgment was entered in the precise manner provided by the act, and since the appellant previously had a full hearing on the merits of his obligation before the commission,

he was not entitled to notice of the entry of the judgment, and the motion to set that judgment aside was therefore properly denied.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.