Argued January 5, affirmed February 17, 1965

GUY F. ATKINSON COMPANY *v.* STATE
TAX COMMISSION

399 P. 2d 166

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for the appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Theodore W. de Looze, Assistant Attorney General, Salem.

*John R. Hay,* Portland, argued the cause for respondent. With him on the brief were Stanley C. Urbigkeit and Rockwood, Davies, Biggs, Strayer and Stoel, Portland.

Before PERRY, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

This is an appeal from a determination of the Tax Court that plaintiff was entitled to an offset against its corporate excise taxes in the years 1957 and 1958 for personal property taxes paid on specified types of its personal property located within the state, as provided by ORS 317.070 (2).

Subsection (2) of ORS 317.070 allows a personal property tax offset to corporations "primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale * * *." The offset is the tax paid on personal property located in the state which was "allocable to * * * materials, goods in process and finished goods produced and held for sale * * *" not exceeding one-third of the total excise tax.

Plaintiff corporation is engaged in general contracting in the heavy construction field and also in the manufacturing business. Its two manufacturing divisions, Willamette Iron and Steel Company and Bingham Pump Company, are located in Oregon. For the years in question a majority of its total business, regardless of location, was construction while for the same years a majority of its Oregon business was manufacturing.

It is plaintiff's contention that the provision establishing eligibility for the offset refers to the taxpayer's Oregon activity alone and not to its corporate activity as a whole. As its primary Oregon activity is manufacturing, it claims it is entitled to the offset. The

Tax Court so held. It is the Tax Commission's contention that the provision establishing eligibility refers to the taxpayer's activity on an overall basis and not to its Oregon activity alone. It claims that since the plaintiff's activity on an overall basis is not primarily manufacturing, etc., it is ineligible for the offset.

The corporate excise tax was first enacted by the 1929 legislature and has always contained a personal property tax offset provision. Until 1957 the offset was allowed to every corporation subject to the excise tax (with minor exceptions) and the offset consisted of taxes imposed upon every kind of tangible personal property. In 1957, for the first time, the personal property tax offset provision was restricted both as to the kind of corporate taxpayer entitled to the offset and the character of the tangible personal property subject to the tax.

The Commission contends the language used in reference to the taxpayer's activity did not include the words "in Oregon" and therefore there is no ambiguity, nothing to construe, and the law should be enforced as written. On the other hand, the taxpayer says it is unreasonable to make the offset depend upon activity wholly unrelated to the taxpayer's presence within the state. It claims the granting of a tax preference to a corporation engaged in a certain type of activity necessarily means the legislature intended to benefit and encourage this particular kind of business and that this makes sense only if it has reference to the corporation's activity within the state granting the preference.

Is the language ambiguous and therefore subject to construction? The legislature could have stated specifically that it meant the taxpayer's overall activ-

ity or just its Oregon activity. It did neither. It can be argued that when there was no limitation it must necessarily have referred to the taxpayer's activity as a whole. This is true unless the context in which it is used indicates otherwise.

The offset is the amount of taxes paid upon certain kinds of personal property in Oregon. It is an offset against a tax levied on the right to do business in Oregon measured by the income attributable to the corporate activity in Oregon. In view of the fact that the other vital parts of the act are controlled by Oregon activity, we believe it to be within the purview of judicial inquiry whether the legislature also intended the right to the offset to be governed by the taxpayer's Oregon activity.

The first legislation introduced in the 1957 session relative to ORS 317.070 was House Bill 796 introduced on April 19. It completely deleted the property tax offset provision. On May 9 there was introduced by the Senate Committee on Taxation a Senate amendment to House Bill 796 adding the offset substantially as it now appears. Thereafter, on May 20, Senate Bill 497 was introduced by the Senate Committee on Taxation; it was identical with that provision of House Bill 796 which dealt with ORS 317.070, except for a minor change in wording. In this form it passed the legislature. Upon consulting the State Archives we find from the minutes of the Senate Committee on Taxation for May 8 and 9, 1957, that the Senate Taxation Committee's amendement to House Bill 796—which was incorporated in Senate Bill 497, as passed—was proposed by Senator Wilhelm of that committee who expressed himself: "* * * if we were to attract industry and keep the ones we have here this amendment should be adopted. * * *"

The offset is a tax preference limited to corporations engaged in particular types of business. The obvious object in such a preference is to stimulate the types of business in which those granted the preference are engaged. It would be unreasonable to assume the Oregon legislature was giving a tax preference for the purpose of stimulating such business activity outside the state. This results in little wealth to the citizens of Oregon or taxes to the state. We believe that, when read in context, the language used shows an intention by the legislature to determine the eligibilty to the offset by the corporation's activity in Oregon and not elsewhere.[1]

The decree of the Tax Court is affirmed.

Mr. Justice PERRY, presiding justice, did not participate in the decision.

---

[1]We are not deciding the case upon this basis but it is interesting to note that the 1957 legislature which limited the personal property tax offset to those corporations primarily engaged in manufacturing, etc., also established a Legislative Interim Tax Study Committee which, as part of a study of Oregon's tax structure, presented to the Governor in 1958 a report entitled "The Development of State Income Taxes in the United States and Oregon." The eleven member committee was composed entirely of members of the 1957 legislature. The Chairman of the committee had been Chairman of the 1957 Senate Committee on Taxation; and the Vice Chairman had been Chairman of the 1957 House Committee on Taxation. All five Senate members of the interim committee had been members of the 1957 Senate Committee on Taxation; and three of the six House members also had been members of the 1957 House Committee on Taxation. The bill making the changes in question was introduced by the 1957 Senate Committee on Taxation as Senate Bill 497.

The legislative purpose, as reported by the interim committee to the Governor in its report above mentioned, was as follows: "The legislative intent in according preferential treatment to manufacturing corporations stemmed from a desire to stimulate location and expansion of primary industries in this state." The preface to the document filed with the Governor states in part as follows: "The committee wishes to express its appreciation to the personnel of the State Tax Commission who reviewed and criticized the study before publication."