## KAISER CEMENT & GYPSUM CORP. *v.* STATE TAX COMMISSION

Mr. Dean Ellis, Salem, Oregon, submitted a memorandum brief on behalf of plaintiff.

Mr. Donald Seymour, Assistant Attorney General, Salem, submitted a memorandum brief on behalf of defendant.

Demurrer overruled December 21, 1966.

EDWARD H. HOWELL, Judge.

The question in this case is whether the plaintiff is entitled to a personal property tax offset against its corporate excise taxes. The issue is before the court on a demurrer to plaintiff's complaint and the parties agree that the demurrer is decisive of the issues involved.

Plaintiff is a California corporation and, during the years involved herein, filed Oregon excise tax returns under the corporate name "Permanente Cement Company." Plaintiff's business consisted of manufacturing cement through the processing and assembling of various materials into finished cement for purposes of sale. Manufacturing plants were located in various states. Plaintiff had no manufacturing facilities in Oregon but did maintain a depot or distribution point, an inventory of cement, and a sales office and staff in Portland, Oregon. Plaintiff did not sell any products other than those derived from its own processing and manufacturing activities.

The tax commission found and the demurrer admits that the plaintiff was a unitary business operation primarily engaged in manufacturing, processing and assembling materials into finished products for purposes of sale. The goods were manufactured, processed and assembled outside the State of Oregon but were held in Oregon for sale as part of plaintiff's unitary business operation.

During the years involved and until July, 1965, the defendant commission had allowed the personal property tax offset to the plaintiff. This was on the assumption that plaintiff qualified for the offset under ORS 317.070(2) (amended by ch 544, Or L 1965) which allowed such offset to "Each corporation  *  *  *

which is primarily engaged in manufacturing, processing or assembling materials into finished products for purpose of sale  *  *  *."

In July, 1965, as a result of the decision of the Oregon Supreme Court in *Atkinson Co. v. Tax Commission*, 239 Or 588, 399 P2d 166 (1965), the defendant reaudited plaintiff's excise tax returns for the years 1957 through 1963 and disallowed the personal property tax offsets for those years.

In the *Atkinson* case the Supreme Court was considering a situation where the corporation seeking the offset was engaged in both heavy construction and manufacturing. The majority of its total business was construction but the majority of its Oregon business was manufacturing. Mr. Justice HOLMAN, after reviewing the legislative history of the personal property tax offset and discussing the legislative intent stated:

> "The offset is a tax preference limited to corporations engaged in particular types of business. The obvious object in such a preference is to stimulate the types of business in which those granted the preference are engaged. It would be unreasonable to assume the Oregon legislature was giving a tax preference for the purpose of stimulating such business activity outside the state. This results in little wealth to the citizens of Oregon or taxes to the state. *We believe that, when read in context, the language used shows an intention by the legislature to determine the eligibility to the offset by the corporation's activity in Oregon and not elsewhere."* (Emphasis supplied.) 239 Or at 592.

The commission changed its position as the result of the above statement that the eligibility to the offset

had to be determined by the corporation's activity in Oregon *and not elsewhere.*

Prior to *Atkinson* the commission had taken the position that every corporation which was primarily engaged in manufacturing, processing and assembling materials into finished products for purposes of sale was entitled to the offset whether or not the corporation had any manufacturing facilities in Oregon. In its opinion and order in the instant case, with one of three commissioners disagreeing, the tax commission considered itself obligated to base plaintiff's eligibility for the offset on its activities in Oregon and "not elsewhere." Consequently, although it is agreed that plaintiff's over-all activities are primarily manufacturing, processing or assembling materials into finished products for purposes of sale, the commission found against plaintiff because it did not conduct any manufacturing, processing or assembling in Oregon.

The facts in the *Atkinson* case are different from the facts herein. In *Atkinson* the primary activity of the corporation in Oregon was manufacturing although its over-all business was not manufacturing. In the instant case the over-all primary activity of plaintiff corporation is manufacturing but its primary business in Oregon is selling the manufactured product.

■■ The *Atkinson* case should not be considered as a direction to the tax commission to disallow the offset to the plaintiff herein. *Atkinson* was entitled to the offset because it was primarily engaged in manufacturing in Oregon. The decision could be considered as stopping at that point. "Elsewhere" was not involved. Here the issue is whether a unitary corporation which is primarily engaged in manufacturing on an over-all basis has to be primarily so engaged in

Oregon. The plaintiff's Oregon activities, warehousing and sales, are an integral part of a unitary business of manufacturing, processing and assembling materials into finished products for sale. The warehousing and selling should not be divorced from the rest of the statute when it is all part of the same unitary business.

3. The defendant's Reg. 314.280(1)-(B) states that "The term 'unitary business' means that the taxpayer to which it is applied is carrying on a business, the component parts of which are too closely connected and necessary to each other to justify division or separate consideration as independent units." That the right to sell is an incident to manufacturing or related to manufacturing has been recognized in the following cases: *American Sugar Refining Co. v. Louisiana,* 179 US 89, 21 S Ct 43, 45 L ed 102 (1900); *Isaly Dairy Co. v. City of Pittsburg,* 370 Pa 108, 108 A2d 728 (1954); *H. J. Heinz Co. v. City of Pittsburg,* 170 Pa Super 435, 87 A2d 96 (1952).

■ In *Atkinson* the court found that the legislature in granting the personal property tax offset intended to stimulate the type of business eligible for the offset and that it was unreasonable to assume the Oregon legislature was intending to stimulate business activity outside Oregon. Neither can it be assumed that the legislature intended to withhold the offset from a unitary corporation primarily engaged in manufacturing finished products for purposes of sale when an integral part of that process—the warehousing and sales—are located within the state. It is interesting to note that in 1965 the legislature amended ORS 317.070(2) to allow the offset to all corporations engaged in manufacturing, processing or assembling materials into finished products for purposes of sale,

whether the corporation is engaged in manufacturing in the state or elsewhere.[1]

The plaintiff is entitled to the personal property tax offset for the years involved in the complaint.

Costs to neither party.

---

[1] On February 22, 1965, the Senate Taxation Committee met to discuss the *Atkinson* decision which had been handed down on February 17. Senator Musa and former Senator Wilhelm testified. Both had been members of the taxation committee in the 1957 legislature which considered the personal property tax offset for corporations primarily engaged in manufacturing. Senator Musa explained that he thought the offset was restricted to firms manufacturing in Oregon. Senator Wilhelm testified that his intention was to include all manufacturing firms. Apparently other members of the 1957 committee either did not consider the problem or were undecided as to its applicability.