Argued January 2, affirmed June 26, 1968

# KAISER CEMENT AND GYPSUM COR-
PORATION, *Respondent, v.* STATE
TAX COMMISSION, *Appellant.*

443 P. 2d 233

*Donald C. Seymour,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

*Dean Ellis,* Salem, argued the cause for respondent. With him on the brief were William H. Hedlund, Frank H. Spears, and McColloch, Dezendorf & Spears, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

This appeal by the State Tax Commission from a decree of the Oregon Tax Court, 2 OTR 480 (1966), involves the right of corporations primarily engaged in manufacturing to a personal property tax offset pursuant to ORS 317.070 (2). More specifically, it involves the scope of our decision in *Guy F. Atkinson Company v. State Tax Commission,* 239 Or 588, 399 P2d 166 (1965).

The material facts as stated in appellant's brief and accepted by respondent are simple. The plaintiff is a California corporation, primarily engaged in manufacturing and processing materials into finished products for the purposes of sale. It has no manufacturing or processing plants in the state of Oregon. It does have warehouses and a sales staff in Oregon. Plaintiff sells in Oregon only those goods which were manu-

factured or processed by its own facilities outside of Oregon. Because plaintiff conducts a unitary operation it is required to file a corporation excise tax return in Oregon, apportioning a certain percentage of its total income to Oregon according to a three-factor formula.

For the years 1957 through 1963 the plaintiff offset against its corporation excise taxes payable to Oregon an amount equal to its personal property taxes paid (but not exceeding one-third of the excise tax) pursuant to the provisions of ORS 317.070 (2), which prior to its amendment in 1965 allowed such offset to "each corporation  *  *  *  which is primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale  *  *  *." Prior to 1965, plaintiff's returns were audited by the commission and the "manufacturer's offset" was allowed. After this court decided *Guy F. Atkinson Company v. State Tax Commission,* supra, the defendant re-audited the plaintiff's tax returns for the above years and billed plaintiff for additional taxes in the exact amount of the manufacturer's offset previously allowed by the commission, plus statutory interest.

■ In 1957 ORS 317.070 (2) (a) was amended by Oregon Laws 1957, ch 709, to read as follows:

> "(2) (a) Each corporation subject to subsection (1) of this section which is primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset against the tax imposed by subsection (1) of this section."

From 1957 until 1965 the commission interpreted the foregoing statute to allow the manufacturer's offset to corporations such as plaintiff, engaged primarily in manufacturing regardless of where such manufacturing was conducted. That administrative interpretation

was consonant with the clear language of the statute and, if construction of the statute is necessary, is entitled to great weight. *Allen v. Multnomah County,* 179 Or 548, 564, 173 P2d 475 (1946).

In 1965 this court in *Guy F. Atkinson Company v. State Tax Commission,* supra, decided that the Atkinson company which overall was engaged primarily in construction but in Oregon was engaged primarily in manufacturing, was also entitled to the manufacturer's offset. After *Atkinson* the commission reversed its administrative construction and ruled that only corporations primarily engaged in Oregon in manufacturing were entitled to the manufacturer's offset. It thereafter billed plaintiff for additional taxes for the years 1957 through 1963 equal to the manufacturer's offset which it had previously allowed.

The rationale of the decision in *Atkinson* is contained in the following paragraph of the opinion:

"The offset is a tax preference limited to corporations engaged in particular types of business. The obvious object in such a preference is to stimulate the types of business in which those granted the preference are engaged. It would be unreasonable to assume the Oregon legislature was giving a tax preference for the purpose of stimulating such business activity outside the state. This results in little wealth to the citizens of Oregon or taxes to the state. We believe that, when read in context, the language used shows an intention by the legislature to determine the eligibility to the offset by the corporation's activity in Oregon and not elsewhere." [footnote omitted] 239 Or at 592.

It is not necessary to consider now whether *Atkinson* was correctly decided or whether the phrase "and not elsewhere" contained in the last sentence quoted above was *obiter dictum*. It is sufficient to point out

that the legislature, which was in session when *Atkinson* was decided, immediately renounced the intention imputed to it by this court by providing explicitly that the benefit of the manufacturer's offset should not be determined "by the corporation's activity in Oregon and not elsewhere."

The 1965 legislative session amended ORS 317.070 (2) (a), by ch 544, Oregon Laws 1965, to read as quoted below, with the matter in brackets deleted and the matter in italics added:

"(2) (a) Each corporation subject to subsection (1) of this section which is [primarily] engaged *in this state or elsewhere* in manufacturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset of certain personal property taxes against the tax imposed by subsection (1) of this section."

It will be noted that as amended the statute allowed the offset to all manufacturing corporations, including those, like the Atkinson company, engaged in manufacturing in Oregon, and those, like plaintiff, engaged in manufacturing elsewhere.

It is a well established rule in Oregon that "an amendment to an act may be resorted to for the discovery of the legislative intent in the enactment amended." *Roy L. Houck & Sons v. Tax Com.*, 229 Or 21, 31, 366 P2d 166 (1961). Under some circumstances the amendment may be tantamount to "a legislative declaration of the meaning" of a statute. *Layman v. State Unemp. Comp. Com.*, 167 Or 379, 400, 117 P2d 974, 136 ALR 1468 (1941). If the amendment "follows immediately and after controversies have arisen as to the true construction of the prior law it is entitled to great weight" in interpreting the amended statute. *Holman Tfr. Co. et al v. Portland et al,* 196 Or 551, 556,

249 P2d 175, 250 P2d 929 (1952). Since the 1965 amendment to ORS 317.070 (2) (a) followed immediately after the *Atkinson* decision in 1965, this would seem a most appropriate occasion to use a subsequent amendment to interpret the amended statute.

■ We are mindful that the legislature made the 1965 amendment retroactive only to January 1, 1965, and that the committee on taxation of the House of Representatives took a neutral attitude with regard to the retrospective application of the 1965 amendment.[1] In spite of these circumstances, the fact remains that by the 1965 amendment the legislature renounced any intention to confine the manufacturer's offset only to corporations engaged in manufacturing in Oregon. We, therefore, hold that under the pre-1965 version of ORS 317.070 (2) (a) plaintiff and other corporations "primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale" were entitled to the manufacturer's offset even though their activities in Oregon did not include manufacturing.

---

[1] "It was the unanimous feeling of the committee, and the clerk was instructed to enter in the minutes with respect to House Bills 1704 [dealing with the personal property tax offset] and 1854, that the effective dates provided in the bills as amended are not intended to indicate any interpretation by the committee as to the legislative intent embodied in the 1957 amendments to ORS 317.070 or as to the legislative intent embodied in ORS 314.405 and 314.410 as enacted in 1957 and subsequently amended.

"The committee feels that any pending or prospective controversies concerning either the statute of limitations upon additional assessments or the application of the personal property tax offset to certain businesses, particularly as such controversies may arise out of the recent Supreme Court decision in the Guy F. Atkinson case, should be settled upon the ultimate legal interpretation of the statutory language as it existed for the tax years involved in such controversies. Such interpretation may or may not be in accordance with the revised language incorporated in House Bills 1704 and 1854 as amended."

Since we hold that plaintiff was entitled to the manufacturer's offset, we do not reach the other questions raised in the briefs.

The decree of the tax court is affirmed.