Argued June 22, reversed September 4, 1979

MEDFORD, *Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

(WCB No. 77-7299, CA 13352)

599 P2d 1233

Eldon M. Rosenthal, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for

respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This appeal presents the issue of whether the children of the deceased worker are entitled to benefits when they enroll in an institution of higher education, where the worker sustained a fatal compensable injury subsequent to the 1973 Legislature's amendments to ORS 656.204, but prior to the 1974 Special Session's additional amendments to ORS 656.204.

As a result of a compensable injury occurring on November 6, 1973, John Medford died leaving a widow, a 17-year-old daughter and a 16-year-old son.

Four months prior to claimant's death ORS 656.204 had been amended by the 1973 Legislature, extending benefits to a deceased worker's offspring who pursues education beyond high school. Prior to the 1973 Amendment, ORS 656.204(2)(d) provided that the surviving spouse of a deceased worker was to receive $100 per month for each child under 18 years. The pre-1973 statute further provided:

"* * * If a child who has become 18 years of age is a full-time high school student, benefits shall be paid until he becomes 19 or graduates from high school * * *."

In other words, no benefits for education beyond high school were provided for. The 1973 Legislature *added* the following sentence to ORS 656.204(2)(d):

"If, however, a child is enrolled as a full-time student in an accredited institution of higher education * * * benefits shall be paid until he becomes 23 years of age or graduates from such institute or program, whichever is earlier." Or Laws 1973, ch 497, § 2(3)(c).

The same legislature reconvened in a special session in 1974. Numerous changes were made to the just-enacted chapter 497. The above-quoted sentence was amended as follows:

"* * * If, however, a child is enrolled *or enrolls within six months of the date the child leaves high*

[53]

*school,* as a full-time student in an accredited institution of higher education * * * benefits shall be paid until he becomes 23 years of age or graduates from such an institute or program, whichever is earlier." (Emphasis indicates new language.) Or Laws 1974, ch 41, § 4(2)(d).[1]

Following John Medford's fatal accident, the Workers' Compensation carrier accepted the survivors' claims and paid benefits to the daughter and son until they graduated from high school.

The hearing referee accurately set forth the stipulated facts in his opinion and order as follows:

"* * * * *

"Jonella Medford graduated from Beaverton High School on June 2, 1974, at age 18. Thereafter, on September 26, 1974, she enrolled at Oregon College of Education and has been continuously enrolled as a student since that date.

"Reginald Medford graduated from Beaverton High School during June 1975, at age 18. Thereafter, on September 29, 1975, he enrolled at Portland Community College and attended continuously until June 2, 1976. He then re-enrolled at Portland Community College on January 4, 1977 and attended continuously until March 17, 1977, when he terminated formal schooling.

"* * * * * "

SAIF refused to pay benefits to the daughter and son for their education beyond high school, the referee denied benefits and the Board affirmed the referee's decision. We reverse.

We conclude the 1973 legislation is ambiguous because it is capable of two constructions: one construction would result in four years of continued

---

[1] This particular provision is applicable where there is a surviving spouse and children. We note, however, that the same language was added to five other provisions of the same statute, specifically, when the parents are divorced, where only a child survives, where a dependent, not a spouse or child, survives, where the surviving spouse dies leaving a child, and where a child is 17 but under 18 (he receives payment for one year plus the educational benefits).

[54]

benefits to the beneficiary of a deceased worker who happened to be a freshman in college at the time of the worker's death, but only a few months of benefits to a college-bound high school senior who had the misfortune of losing a parent prior to entering college—a result we believe was not intended by the legislature; the other construction is our interpretation of the statute which follows.

In *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974), the Supreme Court said

" * * * [I]f the literal import of the words is so at variance with the apparent policy of the legislation as a whole so as to bring about an unreasonable result, the literal interpretation must give way and the court must look beyond the words of the act. In *U.S. v. Amer. Trucking Ass'ns.*, 310 US 534, 542-44, 60 S Ct 1059, 84 L Ed 1345 (1940), the United States Supreme Court said:

"* * * * *

" 'There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words. When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no "rule of law" which forbids its use, however clear the words may appear on "superficial examination" * * *.' (Footnotes omitted.)

"This rule is firmly established in Oregon. * * *" 270 Or at 704.

■ We also recognize that

"It is a well established rule in Oregon that 'an amendment to an act may be resorted to for the discovery of the legislative intent in the enactment amended.' *Roy L. Houck 9 sons v. Tax Com.*, 229 Or 21, 31, 366 P2d 166 (1961). Under some circumstances the amendment may be tantamount to 'a legislative declaration of the meaning' of a statute. *Layman v. State Unemp. Comp. Com.*, 167 Or 379, 400, 117 P2d 974, 136 ALR 1468 (1941). If the amendment 'follows immediately and after controversies have arisen as to the true construction of the prior law it is entitled to great weight' in interpreting the amended statute. *Holman Tfr. Co. et al v. Portland et al*, 196 Or 551, 556, 249 P2d 175, 250 P2d 929 (1952). * * *" *Kaiser Cement v. Tax Com.*, 250 Or 374, 378, 443 P2d 233 (1968).

Here no controversy arose between the 1973 legislation and the 1974 amendment, but the quick action of the legislature (by the very same legislators) is, in itself, indicative of its desire to express itself as it apparently originally intended.

■■ Because of the doctrine of liberal construction of the Workers' Compensation statutes and because "[i]n determining legislative intent, the court should consider the object to be accomplished * * *," *James v. Carnation Co.*, 278 Or 65, 72, 562 P2d 1192 (1977), we conclude that the legislature intended that persons in the situation of these beneficiaries would receive benefits while attending college on a full-time basis.

Reversed.