In re George Benjamin BEAMAN, dba Adobe Curbing Co. and dba Whiskey Hill Auto Wrecking, Debtor.

Roy G. GREEN, Director, Workers' Compensation Department, State of Oregon, Plaintiff,

v.

George BEAMAN, doing business as Adobe Extruded Concrete Curb, Defendant.

In re Lorne A. BUSS, fdba Buss, Painting Services and Lorne Painting and Wall Covering, Debtor.

Lorne A. BUSS, Plaintiff,

v.

Roy G. GREEN, Director, Workers' Compensation Department, Defendant.

Bankruptcy Nos. 380–00923, 380–01910. Adv. Nos. 80–0128, 80–0176.

United States Bankruptcy Court, D. Oregon.

Dec. 9, 1980.

Gearold L. Sliger, Asst. Atty. Gen. of Oregon, Salem, Or., for Roy G. Green, Director, Workers' Compensation Department of Oregon.

Alan Unkeles, Aloha, Or., for defendant Beaman.

Jerome B. Shank, Portland, Or., for plaintiff Buss.

## OPINION GRANTING JUDGMENT ON THE PLEADINGS TO ROY G. GREEN

DONAL D. SULLIVAN, Bankruptcy Judge.

The plaintiffs in the above cases filed complaints to determine the dischargeability of obligations to reimburse the State of Oregon under ORS 656.054(3) for payments made through the State Industrial Accident Fund to employees of the debtors for injuries which were not insured as required by law. The Court consolidated the cases and tried the common question of law on briefs and oral arguments submitted in connection with a motion for judgment on the pleadings.

The Oregon Department of Workers Compensation contends that the debtors' obligation to reimburse their Director for payments to injured employees is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(1)(A), because the obligation is a priority excise tax under 11 U.S.C. § 507(a)(6)(E). In support of this argument, the Department cites ORS 656.562, which declares amounts due to the Department to be taxes owing to the State of Oregon.

The debtors contend that their obligation to pay for benefits given to their injured employees is not an excise tax and is dischargeable under 11 U.S.C. § 523(a).

I find that the obligation of an employer to reimburse the Director of the Workers Compensation Department for payments made by the State Accident Insurance Fund Corporation under ORS 656.054(1) to workers of a noncomplying employer is an excise tax on a transaction within the meaning of 11 U.S.C. § 507(a)(6)(E) and is therefore nondischargeable under 11 U.S.C. § 523(a)(1)(A).

A tax for bankruptcy priority purposes extends to those pecuniary burdens laid upon individuals or property, regardless of consent, for the purpose of defraying the expenses of government or of undertakings authorized by it. *New York v. Feiring*, 313 U.S. 283, 284, 285, 61 S.Ct. 1028, 1029, 85 L.Ed. 1516 (1940); *New Jersey v. Anderson*, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 (1906). *U. S. v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1977); *In re Pan American Papermills*, 618 F.2d 159, 162 (1st Cir. 1980). While the characterization by the enacting authority of an obligation as a tax is important, the determination of dis-

chargeability is a federal question and must be based upon whether the debt actually possesses the characteristics of a tax. *New Jersey v. Anderson*, supra, 203 U.S. at 491, 27 S.Ct. at 139.

■ The obligation imposed on noncomplying employers by ORS 656.054(3) qualifies as a tax because it meets the definition of a tax in *Feiring*, and because ORS 656.-562(2), unlike the statute in *In re Pan American*, declares it to be a tax.* The statutes require payment to be made to the State of Oregon through the Director of the Workers Compensation Department rather than to the State Accident Insurance Fund Corporation and in this respect differ from the premium obligation which was held not to be a tax in *In the Matter of Sam Wigham*, B72–427, (Dist. Oregon, Dec. 22, 1972). The requirement that noncomplying employers reimburse the state for benefits paid to their injured workers promotes a governmental interest which would otherwise be funded by the State Administrative Fund and by all employers who contribute indirectly or directly to the fund. The debt is a tax on noncomplying or outlaw employers. Neither compliance with the law nor payment of the tax imposed is elective once benefits are paid to an injured worker.

■ In order to be nondischargeable under § 523(a)(1)(A), the tax must be an excise tax. An excise tax is any form of taxation which is not a burden laid directly upon persons or property. *American Life & Accident Ins. v. Love*, 431 S.W.2d 177, 181 (Mo. 1968); *General American Life Ins. v. Bates*, 249 S.W.2d 458, 462, (Mo. 1952); *Weaver v. Prince George's County*, 34 Md. App. 189, 366 A.2d 1048, 1055 (1976); *Buckstaff Bath House v. McKinley*, 198 Ark. 91, 127 S.W.2d 802, 806 (1939); aff'd 308 U.S. 358, 60 S.Ct. 279, 84 L.Ed. 322. *Blaustein v. Levin*, 176 Md. 423, 4 A.2d 861, 862 (1939); *Idaho Gold Dredging Co. v. Balderston*, 58 Idaho 692, 78 P.2d 105, 112 (1938); *Diefendorf v. Gallet*, 51 Idaho 619, 10 P.2d 307, 312–13 (1932); *In re City of Enid*, 195 Okl. 365, 158 P.2d 350–51 (1945); *Anne Arundel County Com'rs v. English*, 182 Md. 514, 35 A.2d 135, 141 (1943); *Lutz v. Arnold*, 208 Ind. 480, 489, 193 N.E. 840, 843–44 (1935); *Bates v. McLeod*, 11 Wash.2d 648, 120 P.2d 472, 475 (1941); *California Emply. Comm. v. MacGregor*, 64 Cal.App.2d 691, 149 P.2d 304, 306 (1944); *Standard Properties v. Employment Sec. Bd. of Md.*, 201 Md. 1, 92 A.2d 459, 462 (1952).

The United States Supreme Court has given the utmost flexibility to the definition of an excise tax for purposes of determining the constitutionality of federal laws imposing unemployment taxes. *Steward v. Davis*, 301 U.S. 548, 579–583, 57 S.Ct. 883, 887–889, 81 L.Ed. 1251 (1936) held that Congress, in imposing excise taxes, is not constitutionally limited to historical forms of such taxes and that an excise tax may be any tax that is not a direct tax.

Analysis of 11 U.S.C. § 507(a)(6) and legislative history does not support debtors' argument that the word "excise" was to have a more limited definition. In clarifying the language of § 17(a)(1) of the Bankruptcy Act by adopting § 507(a)(6) of the Bankruptcy Code, Congress sought to enumerate types of taxes for the purpose of setting a time under which each tax would become stale and dischargeable. This listing was intended to be comprehensive and include all federal and state taxes. Congress' use of the broadly defined category of "excise taxes" was designed to include all indirect taxes not otherwise included in § 507(a)(6).

The tax imposed by ORS 656.054(3) and ORS 656.562 is an excise tax because it is not a direct tax imposed upon persons or property. The Oregon tax is a narrow indi-

---

* This provision was enacted during the 1979 Oregon legislature and was not in effect at the time the employers' obligation arose in this case. Neither party has raised the issue of retroactivity in this case, and it is not addressed by this Court. I consider the 1979 characterization of this obligation to be helpful as a declaration of past intent, but not conclusive in determining the legal effect of the employers' obligation. *Medford v. State Accident Insurance Fund*, 42 Or.App. 51, 599 P.2d 1233, 1235 (1979). *In re Pan American* dealt primarily with the premium obligation as a tax, and is distinguishable.

rect tax imposed upon those who occupy the status of employers who have not obtained insurance required by law and on whose behalf the state has paid a worker's compensation claim. The tax is both geographically uniform and uniformly applicable to those employers within the designated class. The transaction which triggers liability for this tax is the payment of benefits by the state funds. The punitive and contingent nature of the imposition does not detract from its character as an excise tax.

For the foregoing reasons, the Director of the Workers Compensation Department of the State of Oregon is entitled to a declaration of nondischargeability and judgment as a matter of law in both cases.

Judgment should be entered against Lorne A. Buss in the amount of $34,224.35, and against George Beaman in the amount of $9,681.34.