In re BRUCE W. BROOKS GENERAL CONTRACTOR, INC., Bruce Wayne Brooks, and Dyanne Cline-Brooks, Debtor(s).

Roy G. GREEN, Director, Workers' Compensation Department, State of Oregon, Plaintiff,

v.

BRUCE W. BROOKS GENERAL CONTRACTOR, INC., an Oregon Corporation, employer; Bruce W. Brooks, individually, and Dyanne Cline-Brooks, individually, Defendants.

Bankruptcy No. 380–02806.
Adv. No. 81–0172.

United States Bankruptcy Court,
D. Oregon.

June 2, 1982.

**10**

Ray English, Moro, Or., for debtor.

Georold L. Sliger, Salem, Or., for plaintiff.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

On March 30, 1981, plaintiff filed a complaint asking for a determination of the applicability of the automatic stay, a determination of nondischargeability under 11 U.S.C. § 523(a)(1), and for a money judgment. The complaint is based on a determination by the Workers' Compensation Department that defendants were noncomplying subject employers at the time of an industrial accident suffered by their employee, Kenneth J. Maine. The plaintiff contends that under ORS 656.054(3) the defendants, as noncomplying subject employers, are liable in the amount of $11,714.20 for costs incurred in the claim of the injured employee. In their answer, defendants raise the affirmative defense that they were not noncomplying employers in that Kenneth Maine was hired by them as an

independent sub-contractor to frame a house. Plaintiff filed a motion to strike defendants' affirmative defense on the ground that the matters thereby raised have already been determined and are therefore res judicata. Plaintiff contends that defendants are precluded from litigating the question of their status because of their failure to request a hearing on the proposed or final order as to their employer status and their failure to request a hearing on the Notice or Notice of Acceptance as to the compensability of the employee's injury.

The motion to strike was heard on Friday, February 5, 1982. Gearold L. Sliger represented the plaintiff. Ray English represented the defendants. After the hearing, both parties submitted legal memoranda.

At issue is whether the bankruptcy court is bound by an order of the Workers' Compensation Department entered by default finding that the defendants were noncomplying employers. This court has already decided in the case of *In re Beaman*, 7 B.C.D. 384, 4 C.B.C.2d 157, 9 B.R. 539 (Bkrtcy.Or.1980) that the obligation imposed by ORS 656.054(3) is an excise tax within the meaning of 11 U.S.C. § 507(a)(6)(E). Section 505(a) of the Bankruptcy Code deals with the ability of the bankruptcy court to determine tax liability.

"§ 505. Determination of tax liability.

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount of legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; and

(ii) a determination by such governmental unit of such request.

Section 505(a)(1) gives the bankruptcy court the power to determine the amount or legality of any tax except as provided in paragraph (a)(2). Thus this court is not bound by the determination of defendants' status by the Workers' Compensation Department unless such a determination is excepted under paragraph (a)(2)(A) or (a)(2)(B). Paragraph (a)(2)(B) is not relevant to the facts in this case. Paragraph (a)(2)(A) is applicable only if the amount or legality of the tax was contested before *and* adjudicated by a judicial or administrative tribunal. Paragraph (2)(A) does not apply to the facts in this case since defendants' status was determined by default and without a contest. Therefore prior determinations that the defendants were noncomplying employers and that they are liable for the claim costs of the injured workman do not have a res judicata effect in this bankruptcy case and the defendants are entitled to a trial upon the merits of these issues in this proceeding.

An order will therefore be entered herein denying plaintiff's motion to strike.