**In re KESSLER COALS, INC., Debtor in Possession.**

**Bankruptcy No. 88–20609.**

United States Bankruptcy Court, S.D. West Virginia.

Aug. 22, 1989.

Richard S. Stephenson, Charleston, W.Va., for Workers' Compensation Fund.

John A. Rollins, Lewis, Ciccarello and Friedberg, Charleston, W.Va., for debtors.

## MEMORANDUM ORDER DESIGNATING CLAIMS LOSS PENALTY AS A PENALTY CLAIM NOT ENTITLED TO PRIORITY STATUS

RONALD G. PEARSON, Bankruptcy Judge.

At issue before the Court is whether a Workers' Compensation Fund claims loss penalty is in compensation for actual pecuniary loss and is therefore a priority claim under Section 507(a)(7)(G) of the Bankruptcy Code of 1978, 11 U.S.C. § 507(a)(7)(G).

The West Virginia Workers' Compensation Fund [the Fund] filed a proof of claim for past-due prepetition premiums for a period of approximately two months in the amount of $54,900.99, plus interest of $1,441.30. This claim is undisputed and is to be paid, pursuant to § 507(a)(7), as a priority claim under the Debtor's Chapter 11 plan, whereunder the Debtor is ceasing operations. The dispute centers on claims losses of $12,659.30 which were also included in the Fund's proof of claim. The claims loss figure represents the amount the Fund paid out in benefits to injured employees of the Debtor during the prepetition period for which the Debtor's premiums to the Fund were delinquent. These penalties arise under W.Va.Code § 23-2-5(f), which provides for restoration of benefits to a delinquent employer upon payment of "unpaid premiums, an adequate premium deposit, accrued interest and claims losses paid during the period of delinquency and default...." W.Va.Code § 23-2-5(f) also provides "[t]hat the penalty for interest and claims losses paid by the fund during the period of delinquency and default shall not exceed an amount equal to fifty percent of the premium otherwise due and owing ...," and further provides for a hearing to be held by the Workers' Compensation Commissioner prior to reinstatement of a delinquent employer to determine

the extent to which interest and claims losses may be waived, equitably considering, (1) the exact nature of the default, (2) the amount of the claims losses, (3) the solvency of the fund, (4) the financial condition of the employer, (5) the degree of willfullness exhibited by the employer's conduct resulting in the default, and (6) the potential economic impact upon the state and the specific geographic area in which the employer is located, if the employer should cease operations.

W.Va.Code § 23-2-5(f).

A penalty related to a § 507(a)(7) unsecured claim by a governmental unit is a priority claim if the penalty is in compensation for actual pecuniary loss. § 507(a)(7)(G). The Fund argues that the claims losses of $12,659.30 are in compensation for actual pecuniary loss because the Debtor's employees have received approximately $225,371 in benefits in excess of premiums paid into the Fund by the Debtor since the Debtor first subscribed to the Fund in 1966. In the alternative, the Fund argues that if the Court finds the claims losses to be punitive in nature and not in compensation for actual loss, then the claims losses are an unsecured claim under § 502 of the Bankruptcy Code, to share under the Debtor's plan with other unsecured claims in the unsecured claim fund.

The Debtor argues that the claims losses are punitive and not in compensation for

actual pecuniary loss, because the claims losses are for the same period for which premiums and interest will be paid under the plan, and the premiums to be paid exceed the amount of the claims losses.

An employer's Workers' Compensation premium rate is established in accordance with the degree of hazard incident to the particular class of business being covered. These rates may be adjusted for an individual subscribing employer based on "the subscriber's records on the books of the commissioner for a period not to exceed three years ending December thirty-first of the year preceding the year in which the rate is to be effective...." W.Va.Code § 23–2–4.

W.Va.Code § 23–2–5(f) makes clear that the only claims losses chargeable for a defaulting employer are those arising during the delinquency period.

While the Legislature has mandated in W.Va.Code § 23–2–4 that the Workers' Compensation Commissioner keep records of the total collections from each individual employer and payments made to employees of each individual employer, it is obvious that the Legislature's overall scheme does not require any employer to achieve balance between the income and expenditures related to his individual account. Payment of the Debtor's past-due premiums, with interest, will fully restore both the Fund and the Debtor's individual account to a position it would have been in if no delinquency had occurred. The Fund's argument that the penalty imposed is in compensation for actual pecuniary loss ignores the total scheme of the Workers' Compensation statutes.

Limiting the penalty for interest and claims losses to no more than 50 per cent of the delinquent premium owed indicates that claims loss penalties are not intended to compensate the Fund for actual losses related to an individual account, but are intended to be punitive in nature.

The fact that the Commissioner may waive claims losses, basing his decision on equitable considerations, is further evidence that claims losses, charged to an employer who pays past-due premiums, are not intended to compensate for actual losses to the Fund.

A Bankruptcy Court interpreting Oregon law held that reimbursements for payments to injured employees owed to the State Workers' Compensation Director by an employer who had failed to obtain insurance required by law were excise taxes under § 507(a) and were entitled to priority status. *In re Beaman,* 9 B.R. 539 (Bankr. D.Ore.1980). *Beaman* is distinguished from this case in several ways. Oregon law declared that amounts due to the Department of Workers' Compensation were taxes. The West Virginia Code refers to payment for claims losses as a penalty and allows waiver of the payment on equitable considerations. Oregon allows employers to elect private carrier insurance. Therefore, an Oregon employer who has neglected to pay premiums may not owe past-due premiums to the state, but is required to reimburse the state for payments made to injured employees. West Virginia does not provide for private carrier election, but requires employers to pay premiums into the State Workers' Compensation Fund. W.Va.Code § 23–2–1.

■ This Court holds that where an employer's plan of reorganization calls for priority payments of prepetition past-due premiums to the West Virginia Workers' Compensation Fund, claims losses for that period of delinquency, charged against an employer, are penalties not in compensation for actual pecuniary loss under Bankruptcy Code § 507(a)(7)(G).

Debtor's plan of reorganization, confirmed by the Court January 19, 1989, provides that holders of class nine penalty claims shall receive no distribution or other consideration under the plan. The plan defines a penalty claim as "any allowed claim, for any fine, penalty, or forfeiture, or for multiple, exemplary or punitive damages arising prior to the petition date, to the extent that such fine, penalty, forfeiture are not compensation for actual pecuniary loss suffered by the holder of such allowed claim." The claim being considered by this Court clearly is encompassed by this definition. Accordingly, it is

ORDERED that the priority proof of claim of the West Virginia Workers' Compensation Fund, pursuant to 11 U.S.C. 507(a)(7)(E), is fixed at $56,342.29, and that the balance of such claim of $12,659.30 is treated as a class nine penalty claim under the Debtor's plan of reorganization.