**TOWN OF AFTON, LINCOLN COUNTY, Wyoming, Appellant (Appellant below),**

v.

**PUBLIC SERVICE COMMISSION of Wyoming, Appellee (Appellee below).**

**No. 3830.**

Supreme Court of Wyoming.

July 6, 1970.

**332**

Ted C. Frome, Afton, for appellant.

Don M. Empfield, Asst. Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

On November 24, 1967, the town of Afton, Lincoln County, filed an application for a certificate of public convenience and necessity with the Wyoming Public Service Commission covering its sales of water outside the corporate limits of Afton. A hearing was held by the commission on October 30, 1968, and the commission's decision based on the results of the hearing was rendered on April 29, 1969.

Seventy-five days after the effective date of the commission's order the town filed a petition for review of the commission's order in the District Court of Laramie County.

The commission filed a motion to dismiss the appeal on the ground that it was not timely made, that is within 30 days of the commission's order. On September 5, 1969, the district court entered an order dismissing the appeal.

The town contended that under the statute it had 90 days in which to file its petition of appeal, while the commission maintained that the time limitation in the statute had been superseded by the Wyoming Rules of Civil Procedure and such appeal must be filed within 30 days of the commission's order.

Section 37-45, W.S.1957, enacted in 1915, provided that an appellant may within 90 days after the rendition of an order of the commission file a petition of appeal with the clerk of the District Court of Laramie County, Wyoming.

The Wyoming Administrative Procedure Act was enacted by the legislature in 1965 and became effective January 1, 1966. Section 9–276.32(b), W.S.1957, (1969 Cum. Supp.), provides:

"The supreme court's authority to adopt rules governing review from agencies to the district courts shall include but not be limited to authority to determine the content of the record upon review; the pleadings to be filed; the time and manner for filing the pleadings, records and other documents; and the extent to which supplemental testimony and evidence may be taken or considered by the district court. The rules adopted by the supreme court under this provision may supersede existing statutory provisions."

Rule 72.1, W.R.C.P., which became effective March 21, 1966, provides for judicial review of administrative actions and subsection (d) thereof provides:

"In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within *thirty days* after the final decision of the agency or denial of a petition for a rehearing, or, if a rehearing is held, within thirty days after the decision thereon, except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty days from the expiration of the original time herein prescribed. Concurrently with the filing of the petition, the appellant shall order and arrange for the payment of a transcript of the evidence necessary for the appeal, and written evidence of the compliance with this requirement shall be served upon the agency and all parties as provided in Rule 5." (Emphasis supplied.)

Rule 87(b), W.R.C.P., provides:

"All statutory provisions relating to procedure on appeal from or review of ad-

ministrative action by district courts, including all time limitations, but not including provisions giving a right of appeal or review, are superseded, provided, that statutory provisions relating to bonds, costs and precedence or advancement on the calendar shall be directory and may be applied by the judge of the district court."

We agree with the trial court that as to time limitations Rule 72.1(d) supersedes § 37–45, and the town's appeal not having been timely filed was properly subject to dismissal.

Affirmed.