**Robert A. CURTIS, Appellant (Plaintiff below),**

v.

**CENTER REALTY COMPANY and the Wyoming Board of Land Commissioners, Appellees (Defendants below).**

**No. 4101.**

Supreme Court of Wyoming.

Nov. 2, 1972.

J. Patrick Hand, Douglas, for appellant.

James L. Applegate of Hirst, Applegate & Dray, William M. Sutton, Sp. Asst. Atty. Gen., Cheyenne, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

PER CURIAM.

Upon expiration of a state grazing lease held by Center Realty Company, covering 3,660.18 acres of land, Robert A. Curtis applied for a lease on 275.58 acres of the land involved, offering 25 cents per acre. Center's former rental and offer for renewal was 10 cents per acre. Upon recom-

mendation of the Land Commissioner, the Wyoming Board of Land Commissioners awarded a renewal lease to Center, based on its statutory preferential right.[1] Rental on the lands which were in conflict was set at 11 cents per acre.

The order of the land board approving the lease renewal of Center was made March 31, 1971. On Monday, May 3, 1971, Curtis filed his petition in the district court asking for a review of the land board action. The review was sought pursuant to the administrative procedure act. However, § 72.1(d), W.R.C.P., requires such petitions for review to be filed within 30 days after the final decision of the agency.

■ The final decision of the agency having been rendered March 31, 1971, Curtis' time for appeal expired on Friday, April 30, 1971. The district court therefore dismissed the Curtis appeal because it was not timely filed. The matter of initiating an appeal within the time allowed therefor being jurisdictional, we can afford no relief to appellant.

■ Appellant suggests the district court erred because it did not, at the request of Curtis, enter a default against Center and the Board for failing to file a responsive pleading to the Curtis petition. Of course, since the petition for review was filed out of time, insofar as the lease was concerned, the district court had no jurisdiction with respect to the lease matter. Also, Rule 72.1(c), W.R.C.P., provides for the filing of a petition for review and then expressly states: "No other pleadings shall be necessary, either by petitioner or by the agency or by any other party."

Next, appellant asks whether the evidence was sufficient to sustain findings of the Board; and whether the Board's decision was arbitrary, capricious or illegal. Obviously, with the petition for review being out of time and there being a lack of jurisdiction to review actions of the Board

with respect to leasing, these questions were not reached by the district court. Neither are they reached by us.

Prior to a hearing by the Board on the Commissioner's decision and recommendation, Curtis filed an application to purchase the 275.58 acres he was seeking to lease, for $20 per acre. He also sought to purchase an additional 200 acres for $15 per acre. The Board approved Center's lease application March 31, 1971; and on April 1, 1971 it rejected Curtis' application of purchase. The rejection followed a recommendation of the Commissioner.

■■ Curtis has claimed in his petition for review that the Board was arbitrary in rejecting his application to purchase. The district court held the petition for review was timely insofar as it called for a review of the Board's order of rejection on the application to purchase. The court found, however, that the Board exercised the sound discretion given it by law and was not arbitrary when it decided not to sell any of the lands involved.

Section 36–181, W.S.1957, provides the board of land commissioners may direct the sale of state lands, but the section expressly limits sales to such subdivisions as the Board shall deem for the best interests of the state. In rejecting Curtis' application, the Board assigned reasons for its decision not to sell. It stated the Board did not wish to decrease the state's land inventory in that particular area; and the recreational demand for land by the public will cause the land to increase in value.

We agree with the district court that Curtis failed to show an abuse of discretion. We deem it unnecessary to cite authority when we say, as we have said many times before, we will not substitute our judgment for the judgment of the board of land commissioners on the question of what is for the best interests of the state in land matters.

■ Although appellant suggests a lease should be given him because Center did not

---

1. Section 36–66(a), W.S.1957, 1971 Cum.Supp.

timely file its acceptance of the lease awarded to it and pay the balance of the rental due for the first year, there clearly is no merit in the suggestion.[2] The notice by registered mail which requires the old lessee to file its acceptance and pay the balance of the rental due for the first year would not be properly given while an appeal is pending, or until the award to the old lessee has become final.[3]

We have no doubt Center will timely file its acceptance and pay the necessary additional fee, if it has not already done so, when it has been given the registered notice provided for in § 36–68, W.S.1957. There is no showing in the record before us that the requisite notice has been given.

Affirmed.

2. Section 36–68, W.S.1957, provides, when a preference exists in the old lessee, he shall be given 15 days notice by registered mail, and if he fails or refuses to file his acceptance together with the balance of the rental due for the first year, the lease shall be awarded to the applicant offering to pay the highest rental.

3. See Reese v. Bruegger Ranches, Inc., Wyo., 463 P.2d 23.