DEPARTMENT OF REVENUE AND TAXATION, State of Wyoming, Appellant (Respondent below),

v.

William Chalmers IRVINE, Appellee (Petitioner below).

No. 4909.

Supreme Court of Wyoming.

Feb. 2, 1979.

Rehearing Denied March 5, 1979.

V. Frank Mendicino, Atty. Gen. and James D. Douglass, Senior Asst. Atty. Gen., for appellant; James W. Gusea, Asst. Atty. Gen. (argued).

James R. McCarty, Casper (argued), for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired *.

RAPER, Chief Justice.

This appeal arises from a trial de novo held in the district court to determine the legalities of a driver's license suspension proceeding which was conducted under the provisions of § 39–43.11, W.S.1957, 1975 Cum.Supp.[1] (as amended, this statute is now § 31–7–105, W.S.1977) and the Wyoming Administrative Procedure Act, wherein the appellee-petitioner's driving privileges were restored by the district court following suspension by the Motor Vehicle Division, Department of Revenue and Taxation.

The appellant, the Department of Revenue and Taxation, State of Wyoming (hereinafter Department), claims,

1. That the district court had no jurisdiction to consider the petitioner's petition for review because it was not timely filed pursuant to the provisions of § 31–276.32, W.S.1957, 1975 Cum.Supp. (now § 31–7–133, W.S. 1977) and Rule 72.1, W.R.C.P.;

2. That the records of traffic violations which were used as evidence in the administrative hearing were sufficiently certified to be admissible as evidence; and

3. That the trial court erred in ordering appellee's driving privileges restored.

We will reverse and remand to the district court with directions to vacate its order restoring driving privileges and dismiss the appeal for want of jurisdiction. Because of our disposition, there is no need to and we will not answer questions posed by issues two and three.

The petitioner was arrested for speeding on seven separate occasions between October 31, 1975 and June 28, 1976. He was also arrested for a signs and control devices violation during the same period. For all eight violations he was fined or forfeited bond. On October 8, 1976, as a result of those violations, the Department suspended appellee's driver's license for a period of ninety days pursuant to § 31–276.26(b)(i),

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. § 39–43.11:

"(a) There is hereby created the office of hearing examiner. The hearing examiner shall be a qualified member of the bar of Wyoming. He shall be appointed by the governor and serve as designated by the governor as either a part-time or full-time hearing examiner and shall serve at the pleasure of the governor. In addition to his duties as hearing examiner, he may be employed as an attorney or other department official of Wyoming. In such case, he shall not receive additional compensation for his functions as hearing examiner.

"(b) The duties of the hearing examiner will be to sit as the exclusive administrative hearing agency within the department to review all matters arising from driver's license and related matters including, but not limited to the suspension of driver's license, financial responsibility matters, registration matters and other related matters pertaining to driver's license point system including revocation, cancellation or suspension of driving privileges under such point system.

"(c) Any order of the hearing examiner shall be subject to the right for a hearing before the board in accord with section 39–43.10(a)(i) and (ii) of the statutes or subject to judicial review pursuant to the provisions of section 39–43.12 of the statutes at the option of the petitioner. [As now amended, the option of judicial review at this point has been deleted, but hearing before the district court is provided for by § 31–7–133, W.S. 1977.]

"(d) In connection with any hearing held pursuant to this section, the hearing examiner may subpoena, and compel the attendance of witnesses in the production of evidence reasonably necessary to resolve the matters under consideration. The hearing examiner shall issue subpoenas upon his own motion or upon the request of any party to the proceedings under this title in compliance with the Wyoming rules of civil procedure." (Bracketed matter supplied.)

W.S.1957, 1975 Cum.Supp.[2] (as amended, this statute now appears as § 31–7–127, W.S.1977).

Appellee's driver's license was under suspension until January 1, 1977. On December 31, 1976 and January 1, 1977, petitioner was arrested for driving while his license was under suspension.[3] He was convicted of both violations on January 26, 1977. As a result of the suspension, which totaled an additional two years beyond the original ninety-day suspension, petitioner requested an administrative hearing which was held before the hearing examiner on March 8, 1977, pursuant to § 39–43.11, footnote 1.

It is not disputed that immediately after the hearing, on the date thereof, petitioner was verbally notified that the relief he requested was denied, at which hearing, according to information disclosed at oral argument before this court, petitioner's counsel was present. The form Order of Denial was dated and mailed to petitioner on March 10, 1977. The Order of Denial plainly states that the period of suspension began on March 9, 1977 and would terminate on March 10, 1979. On April 13, 1977, petitioner filed his petition for review with the district court.

The determinative question is what appeal procedure is applicable and available to petitioner—that found in § 39–43.11 or that provided by § 31–276.32, or both. Section 39–43.11, footnote 1, purports to provide for an appeal procedure as set out in § 39–43.-12, W.S.1957, 1975 Cum.Supp.[4] with sixty

2. § 31–276.26, in pertinent part:

   "(b) *The division is hereby authorized to suspend the license of any driver for a period not to exceed 12 months, upon a showing by its records or other sufficient evidence that the licensee:*

   "(i) *Is an habitually reckless or negligent driver of a motor vehicle, such fact being established by a record of moving violations, accidents or by other evidence;*

   "(ii) Has permitted an unlawful or fraudulent use of his license.

   "(c) Before suspending or revoking the license or driving privilege of any person as authorized in this section, the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable within 20 days after receipt of the request at a time and place specified by the division. Upon the hearing, the motor vehicle director or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers in accordance with the Wyoming Administrative Procedure Act [§§ 9–276.19 to 9–276.33] and may require a reexamination of the licensee. Upon hearing, the division shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of the license or revoke the license." (Emphasis supplied.)

   The following was added by amendment of (c), § 2, ch. 111, S.L.Wyo.1977:

   " * * * provided that this discretion shall be limited to cases where undue hardship would result from a failure to extend such privilege, and provided further that this extension of privilege shall be extended only once to any person in a ten (10) year period."

3. § 31–276.34:

   "(a) Any person who drives a motor vehicle on any public highway in this state at a time when his privilege to do so is cancelled, suspended or revoked by the division shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not more than six months and there shall be imposed in addition thereto a fine of not more than $100.00.

   "(b) The division upon receiving a record of the conviction of any person under this section upon a charge of driving a vehicle while the license of the person was suspended, revoked or cancelled shall extend the period of the suspension, revocation or cancellation for an additional period of one year from the date of expiration of the previous suspension, revocation or cancellation."

4. § 39–43.12:

   "(a) Any person, firm or corporation, who may feel aggrieved by any order issued by the board or hearing examiner may take an appeal from the decision of the board or hearing examiner to the district court of the county where the property or some part thereof is situated, where a trial de novo to the court shall be had.

   "(b) The party or parties appealing shall, within 60 days after the decision of the board, file in the district court to which the appeal is taken a petition setting out the cause of complaint, and a copy of the records of the board all duly certified by the board, and copies of the assessment or assessments.

   "(c) The party appealing shall at the time of filing the appeal enter into an undertaking to be approved by the clerk or judge of said district court, and to be given to the state in an amount as the judge may fix, and conditioned that the appellant shall prosecute the

days in which to perfect a petition for review to the district court. Section 31–276.-32, W.S.1957, 1975 Cum.Supp.,[5] provides for an appeal for any person whose driver's license has been suspended to be taken within thirty days after suspension by petition to the district court.

■ These two provisions appear to have been enacted under conditions which indicate that the left hand may not have been fully aware of what the right hand was doing. In 1973, the legislature, by chapter 248, S.L.Wyo.1973, revised those sections of the state statutes, 1957, relating to the Department of Revenue and Taxation and created §§ 39–43.11 and 39–43.12. The origin was House Bill 236, which became House Enrolled Act No. 122, was signed by the President of the Senate and the Speaker of the House on *February 24, 1973.* Digest of Senate and House Journals, 42nd Legislature, page 795. In the same year, the legislature, by chapter 238, S.L.Wyo.1973, revised the Driver's License Act and created § 31–276.32 [276.32]. The origin was SF 48, which became Senate Enrolled Act 109, also signed by the President of the Senate and Speaker of the House on *February 24, 1973.* Digest of Senate and House Journals, 42nd Legislature, page 142. We therefore can find no comfort in the doctrine that the later prevails over the earlier. *Gale v. School District No. 4,* 1936, 49 Wyo. 384, 54 P.2d 811. In construing statutes, the intention of the lawmaking body is to be ascertained as nearly as possible and in the language of the statute itself. *Wyoming State Treasurer v. City of Casper,* Wyo. 1976, 551 P.2d 687.

■ In the first place, it is unreasonable to believe that the legislature intended to provide an alternative of 30 days or 60 days in which to file an appeal from the same order. In construing statutes, the presumption is that the legislature aims to enact legislation that is reasonable and logical. *Ramsay Motor Co. v. Wilson,* 1934, 47 Wyo. 54, 30 P.2d 482, 91 A.L.R. 908. It is also unreasonable that § 39–43.12(a) would be applicable, because it provides that the appeal would be "to the district court of the county *where the property or some part thereof is situated."* Property is not involved. It is a more sensible conclusion to apply § 31–276.32 where the appeal is taken to "the district court in the county *wherein the person resides."* To do otherwise would be attempting to fit a square peg into a round hole. We cannot alter the words of a statute and substitute others or move words from one section into another. *Matter of Adoption of Voss,* Wyo.1976, 550 P.2d 481.

■ We must construe together statutes relating to the same subject in order that if at all possible they may be harmonized, to avoid conflicting and confusing results. *In re Adoption of Female Child X,* Wyo.1975, 537 P.2d 719. When we examine these statutes together, we find the result ambiguous. When we find that uncertainty and susceptibility to more than one mean-

appeal without unnecessary delay, and for the payment of all costs, taxes, interest and penalties that may be ultimately levied on the property, the assessment of which is in controversy.

"(d) The clerk of the court shall immediately upon filing of the appeal notify the board under the seal of the court, and supply it with a copy of the petition.

"(e) It shall be the duty of the attorney general and the county attorney of the county to which the appeal is taken to represent the board in proceedings on the appeal.

"(f) All proceedings on appeal except as herein otherwise provided shall be under the provisions of the Wyoming rules of civil procedure, as in other civil cases."

**5.** § 31–276.32:

"Any person denied a license or whose license has been cancelled, suspended or revoked by the department shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county wherein the person resides or in the case of cancellation, suspension or revocation of a nonresident's operating privilege in the county in which the violation occurred and the court is hereby vested with jurisdiction. The court shall set the matter for hearing upon 30 days' written notice to the commissioner and thereupon take testimony and examine into the facts of the case and determine whether tne petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this act [§§ 31–276.1 to 31–276.37]."

ing exist, we will resort to statutory construction which we would not do if ambiguity is not found. *DeHerrera v. Herrera,* Wyo.1977, 565 P.2d 479.

Section 39–43.11 is a general statute covering the creation of a new office—that of hearing examiner. His duties encompass other facets of the work of the Department of Taxation and Revenue including a large assortment of potential disputes besides driver's license suspension. Section 39–43.-11(b) makes that implicit:

"(b) The duties of the hearing examiner will be to sit as the exclusive administrative hearing agency within the department to review *all matters* arising from driver's license and related matters *including, but not limited to the suspension of driver's license,* financial responsibility matters, registration matters and other related matters pertaining to driver's license point system including the revocation, cancellation or suspension of driving privileges under such point system."

An examination of the Driver's License Act, §§ 31–276.1 through 31–276.37 indicates that there are a multitude of problems, other than driver's license suspension, which could arise requiring the services of a hearing examiner. The Financial Responsibility Act of this state, §§ 31–277 through 315, as well discloses that a myriad of difficulties could arise, requiring resolution by a hearing examiner. Finally, the hearing examiner has duties related to motor vehicle registration, §§ 31–22 through 31–96.27, an extensive subject in itself.

We consider §§ 39–43.11 and 39–43.-12 to be of a general nature, whereas § 31–276.32 deals specifically with the denial of and suspensions of driver's licenses. If a special act is inconsistent with the general law, the provisions of the special act will control. *Thomas v. State,* Wyo.1977, 562 P.2d 1287; *Carpenter & Carpenter v. Kingham,* 1941, 56 Wyo. 314, 109 P.2d 463, reh. den. 56 Wyo. 314, 110 P.2d 824. General legislation must yield to special legislation on the same subject whether provisions are found in the same statute or in different statutes. *Torres v. Laramie County School Dist. No. 1,* 1973, 506 P.2d 817, cert. den. sub nom. *Johnson v. Laramie County School Dist. No. 1,* 414 U.S. 990, 94 S.Ct. 342, 38 L.Ed.2d 229, reh. den. 414 U.S. 1139, 94 S.Ct. 888, 38 L.Ed.2d 765; *Higby v. State,* Wyo.1971, 485 P.2d 380.

We are satisfied that there is further evidence of legislative intent to be found in the fact that the legislature at its 1977 session, corrected the inadvertent inconsistency it also must have discovered to exist. By chapter 111, S.L.Wyo.1977, it amended and renumbered § 39–43.11 as § 31–276.4:1, thereby making it a part of the Driver's License Act. Also it deleted the option of appeal to the tax commission or district court and requires first an appeal from the hearing examiner to the tax commission before appeal to the district court. Section 39–43.12(a) was amended to provide an appeal to the district court from the "board [commission]" to the district court.[6] As

**6.** Chapter 111, S.L.Wyo.1977, in pertinent part:
"Section 1. W.S. 39–43.11 is amended and renumbered as W.S. 31–276.4:1 to read:
"31–276.4:1.
"(a) There is created the office of hearing examiner. The hearing examiner shall be a qualified member of the bar of Wyoming. He shall be appointed by the governor and serve as designated by the governor, either part-time or full time and shall serve at the pleasure of the governor. In addition to his duties as hearing examiner, he may be employed as an attorney or other department official of Wyoming. In such case, he shall not receive additional compensation for his functions as hearing examiner.
"(b) The hearing examiner shall sit as the exclusive administrative hearing agency within the department to review all matters arising from driver's license and related matters including but not limited to the suspension of driver's license, financial responsibility, registration and other related matters. The hearing examiner shall not review cases under W.S. 31–276.25(i), (ii), (v) or (vi) in which revocation of a license is mandatory.
"(c) Any order of the hearing examiner is subject to a hearing before the Wyoming tax commission in accordance with the Wyoming Administrative Procedure Act.
"(d) In connection with any hearing pursuant to this section, the hearing examiner may subpoena and compel the attendance of witnesses or the production of evidence reasonably necessary to resolve the matters under consideration. The hearing examiner shall

amended and renumbered, then, the only right of appeal to the district court is granted by § 31–276.32, supra footnote 5, now clearly a part of the Driver's License Act. All of former § 39–43.12, except subsection (a), has been dropped from the 1977 Republished Edition of the Wyoming Statutes. That subsection now appears as § 39–1–306. Subsections (b) through (f) were deleted by virtue of a revision of Title 39 of the Wyoming Statutes enacted as chapter 45, S.L. Wyo.1977, one of its purposes being for "conforming conflicting or duplicate sections." The sixty-day time for taking an appeal now no longer appears in either Title 31 or 39, W.S.1977.

■ The point we get to is that subsequent legislative corrective action establishes that the legislature never intended the conflict, but what it really meant was what the remedial legislation reflects, thirty days in which to appeal by filing petition for review. An amendment to an act may be resorted to for the discovery of legislative intent in the enactment amended in that it is tantamount to a legislative declaration of meaning and entitled to great weight. That is particularly so and entitled to great weight when it follows immediately after controversies have arisen as to true construction. *Inexco Oil Co. v. Oil and Gas Conservation Comm.*, Wyo.1971, 490 P.2d 1065; *Oregon Basin Oil and Gas Co. v. Ohio Oil Co.*, 1952, 70 Wyo. 263, 248 P.2d 198; *Board of Com'rs. of Sweetwater County,*

*Wyo. v. Bernardin*, 10th Cir. 1934, 74 F.2d 809, cert. den. 295 U.S. 731, 55 S.Ct. 645, 79 L.Ed. 1680; *Kaiser Cement and Gypsum Corporation v. State Tax Commission*, 1968, 250 Or. 374, 443 P.2d 233; *B & P Concrete, Inc. v. Turnbow*, 1977, 114 Ariz.App. 408, 561 P.2d 329; *Woofter v. O'Donnell*, 1975, 91 Nev. 756, 542 P.2d 1396; *State v. Alta Club*, 1951, 120 Utah 121, 232 P.2d 759; 1A Sutherland (Sands), § 22.31, p. 183.

■ While legislative construction is not binding on courts, we are not at liberty to speculate upon legislative intent where it has by amendment placed its own construction on an act. *Equitable Life Assurance Soc. of the United States v. Thulemeyer*, 1935, 49 Wyo. 63, 52 P.2d 1223, reh. den., 54 P.2d 896, app. dis. sub nom. *Ham, Insurance Commissioner v. Equitable Life Assurance Soc. of U. S.*, 299 U.S. 505, 57 S.Ct. 24, 81 L.Ed. 375. Courts attempt to give effect to amendments. *State v. Yellowstone Park Co.*, 1942, 57 Wyo. 502, 121 P.2d 170, cert. den. 316 U.S. 689, 62 S.Ct. 1280, 86 L.Ed. 1760. The clear intent of an amendment prevails over contradictory provisions. *Kelly v. Anderson*, 1928, 38 Wyo. 97, 264 P. 1033.

We conclude that the appeal is governed by § 31–276.32, and the time for appeal was within thirty days after suspension of petitioner's driver's license. In *Department of Revenue and Taxation, Motor Vehicle Division v. Shipley*, Wyo.1978, 579 P.2d 415, we answered a different time question. As a

issue subpoenas upon his own motion or upon the request of any party to the proceedings in compliance with the Wyoming Rules of Civil Procedure.

"Section 2. * * * and 39–43.12(a) are amended to read:

"39–43.12.

"(a) Any person, firm or corporation, who is aggrieved by any order issued by the board may appeal from the decision of the board to the district court of the county where the property or some part thereof is situated, where a trial de novo to the court shall be had."

The 1977 legislature also amended §§ 39–43.-12(a) by § 1, chapter 45, S.L.Wyo.1977, page 67, as a part of its revision of Title 39 of the Wyoming Statutes:

"39–1–306. Appeal from board. Any person including the state of Wyoming aggriev-

ed by any order issued by the board may appeal the decision of the board to the district court of the county in which the property or some part thereof is situated."

While we are not called upon to rule on the matter, nor is it important in this case, § 8 of the revision provides:

"Section 8. If any other act of the legislature enacted during the same session in which this act is enacted is in conflict with the provisions of this act, the other act shall prevail in all cases to the extent of such conflict, regardless of whether enacted before or after the enactment of this act."

However, § 39–1–306 of the 1977 Republished Edition of the Wyoming Statutes incorporated § 39–1–306 of the revision (ch. 45), rather than the other amendment appearing in the other act (ch. 111). As can be seen, there are material differences.

result of less than clear statutes and agency rules and regulations,[7] we determined that the subject notice did not take effect until received. There are a number of factors that distinguish the case at bar from our decision in *Shipley*.

First, the pertinent statute, § 31–276.32, W.S.1957, 1975 Cum.Supp., and Rule 72.1, W.R.C.P.[8] clearly state the event which initiates the thirty-day appeal period. The above-mentioned statute provides that a petitioner is allowed to file a petition "within 30 days" after his license has been suspended. Here the petitioner was present at the administrative hearing and was verbally notified on March 8, 1977, that his license was suspended. Rule 72.1 is no less clear in stating that " * * * the petition for review shall be filed within thirty days after the final decision of the agency." Under the circumstances of this case the appellee's license was suspended and the agency decision was final when the Order of Denial was signed and made a matter of record on March 10, 1977. This is analogous to the running of time in any appellate matter. Decisions of this court, which are now formally stated in the Wyoming Rules of Appellate Procedure (W.R.A.P.) establish that time runs from the entry of judgment, without regard for when the judgment is actually received by a party.[9] *Carr v. Hopkin*, Wyo.1976, 556 P.2d 221; *Bowman v. Worland School District*, Wyo.1975, 531 P.2d 889; *Sun Land & Cattle Co. v. Brown*, Wyo.1964, 387 P.2d 1004; Rule 2.01, W.R.A.P.

Second, we are not confronted with a circumstance where the only notice to a party is that which is mailed. Here there was a verbal notice which was followed up with a written notice. The only conclusion we can reach, in the absence of any evidence to the contrary, is that petitioner received due and proper notification of the suspension; he was well aware that the agency had taken final action to his detriment.

Third, on the face of the Order of Denial it is clear that the hearing held on March 8, 1977, was the final decision of the agency. That document sets out in plain language that the period of suspension begins to run on March 9, 1977, and ends on March 10, 1979.

■ Thus, appellee's petition for review was not timely if filed after April 11, 1977.[10] The petition was filed on April 13, 1977. We have repeatedly held that the timely filing of such a petition is mandatory and jurisdictional.

"Under Rule 72.1(d), W.R.C.P., a petition for review must be filed within 30 days after the final decision of the agency. Appellant failed to file a petition for review within 30 days, and the trial court was therefore not only entitled to dismiss appellant's appeal, but had no alternative but to do so." (Footnote omitted.)

*Regan v. City of Casper*, Wyo.1972, 494 P.2d 933, 935; see also, *Curtis v. Center Realty Co.*, Wyo.1972, 502 P.2d 365; *Town of Af-*

---

7. The statutes there in question were § 31–276.26(c), W.S.1957, 1975 Cum.Supp. (see footnote 2) and § 9–4–113(c), W.S.1977. This court determined in *Shipley* that:

"The aforementioned statutes indicate the manner of service—a mailed writing—but they do little to explain how the time period established by agency rule should be calculated." Id., at 419.

8. See footnote 2. Rule 72.1, W.R.C.P. in pertinent part:

"(d) Time; Transcript. In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty days after the final decision of the agency or denial of a petition for a rehearing, or, if a rehear-

ing is held, within thirty days after the decision thereon, except that upon a showing of excusable neglect, based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty days from the expiration of the original time herein prescribed. * * *"

9. Of course, a remedial extension of time is and always has been available where some real or apparent breakdown in this procedure has occurred or where excusable neglect is demonstrated. W.R.A.P., Rule 2.01.

10. The thirty-day period expired on April 9, 1977, a Saturday, making the petition due not later than Monday, April 11, 1977.

*ton, Lincoln County v. Public Service Commission,* Wyo.1970, 471 P.2d 331.

We hold that the district court erroneously determined that petitioner could proceed under § 39–43.12. Petitioner was bound by § 31–276.32 and Rule 72.1, W.R.C.P. We hold that appellee's petition for review was not timely filed and the district court should have dismissed the petition for lack of jurisdiction.

In the determination of time in which to appeal, this court has consistently applied strict standards even though the application of detailed and complex reasoning is involved. *Rutledge v. VonFelt,* Wyo.1977, 564 P.2d 350; *McMullen v. McMullen,* Wyo. 1977, 559 P.2d 37; *Johnson v. Hauffe,* Wyo. 1977, 567 P.2d 735; *Financial Management Corporation v. Wyoming Electric Sign Company,* Wyo.1977, 561 P.2d 237; *Jackson v. State,* Wyo.1976, 547 P.2d 1203; *Bowman v. Worland School District,* supra; *Sun Land and Cattle Co. v. Brown,* supra.

Reversed and remanded to the district court with directions to vacate its order restoring petitioner's driving privileges and enter an order dismissing the appeal.

THOMAS, Justice, dissenting, with whom McCLINTOCK, Justice, joins.

I dissent from the majority opinion in this case. In my view the legislature did create alternative methods for reviewing the decisions of the hearing examiner for the Department of Revenue, and this case properly was before the district court for a trial de novo. I would hold, however, that the district court erred in excluding from the evidence the material records of convictions. I then would remand this case to the district court for retrial in accordance with the views hereinafter set forth.

The majority view is that the only procedure for appeal in this instance is that provided by § 31–276.32, W.S.1957, as amended. That approach eschews the possibility that the legislature created alterna-

tive methods of review, and limits the procedure set forth in § 39–43.12, W.S.1957, as amended,[1] so that matters relating to suspension of drivers' licenses would not be included. This conclusion does violence, to some degree, to the clear language of this latter provision. I have not been able to perceive the ambiguity in these provisions upon which the majority opinion relies. Despite the illusion of certainty which rules of statutory construction can create, I see no need to invoke them here. In a different context, that of questioning the legality of a tax, we have recognized alternative remedies. *Atlantic Richfield Company v. Board of County Commissioners of the County of Sweetwater,* Wyo., 569 P.2d 1267 (1977). Awkward as such a statutory situation may be, I would hold that the legislature in this instance did create two procedures for review, and that since the petition for review was timely under one of them the matter was properly before the district court pursuant to the provisions of §§ 39–43.11 and 39–43.12, W.S.1957, as amended. In light of the sequence of the statutory provisions and the failure of § 31–276.32, W.S.1957, as amended, to refer to the extension of a period of suspension as provided in § 31–276.34, W.S.1957, as amended, an argument well might lie to the effect that the method of review provided by §§ 39–43.11 and 39–43.12, W.S.1957, as amended, is the only one available when a period of suspension of a driver's license is extended.

Turning then to the alternative disposition, I would remand the case to the district court for a rehearing. While it is somewhat difficult to be certain of the basis for the ruling by the district court that the "agency's procedure herein has not been in conformity with the law," it must be related to the manner of execution of the certification of the abstracts of the records of convictions of Irvine for driving while his license was suspended. Irvine's sole objection to these two exhibits was directed to

---

1. As explained in the majority opinion, these statutes were revised in the 1977 Republished Edition of the Wyoming Statutes so extensively that any parallel reference to these provisions as they appear after 1977 is not possible. Therefore, citations in this dissenting opinion are to W.S.1957, as amended, only.

the manner of execution which clearly appears to be a facsimile stamp.

It is my conclusion that unless such a practice is prohibited by statute (no such prohibition appears here from the briefs and none has been discovered independently) or unless the statute requires a signature in writing, a facsimile stamp signature of a judicial officer such as a justice of the peace is efficacious for all purposes. *McGrady v. Munsey Trust Co.*, 32 A.2d 106 (D.C.Mun.App.1943); *Costilla Estates Development Co. v. Mascarenas*, 33 N.M. 356, 267 P. 74 (1928); *Ex Parte Spencer*, 171 Tex.Cr.App. 339, 349 S.W.2d 727 (1961); *Stork v. State*, 114 Tex.Cr.App. 398, 23 S.W.2d 733 (1929); *Salt Lake City v. Hanson*, 19 Utah 2d 32, 425 P.2d 773 (1967). See *Shafsky v. City of Casper*, Wyo., 487 P.2d 468 (1971) (disapproving practice of furnishing stamp to police officers but not challenging the facsimile stamp signature).

It would follow for me that the district court should have received these exhibits, which were material to the issues in the case, and considered them as evidence. The validity of these exhibits vitiates the basis for the conclusion of the district court that the agency's procedure is not according to law, and their presence in evidence before the court invokes the language of § 31–276.-34(b), W.S.1957, as amended, which is mandatory as addressed to the driver's license division. It also appears that in reaching that conclusion the district judge relied to some extent upon other documents evidencing convictions which were received in evidence, but which are immaterial to the issues in this case.

I would reverse this case and remand for a new trial de novo in accordance with the views expressed above.