ORDER DENYING MOTIONS
JOHN R. ST. CLAIR, Chief Judge.
After hearing arguments the court finds, concludes and orders the following:
FINDINGS OF FACT
1.Plaintiffs William Enos, Antoinette Jorgenson and their children JEE, CLE, KWE and EJE are enrolled members of the Eastern Shoshone Tribe.
2. Plaintiffs William Enos and Antoinette Jorgenson are life partners and residents of the Wind River Indian Reservation.
3. On December 6, 2012, Plaintiff William Enos was employed by R & S Well Service as a floor hand and working on its Rig 26 at one of Marathon’s wells in the Circle Ridge Field which is located within the Wind River Indian Reservation.
4. On December 6, 2012, Plaintiff William Enos was assisting to rig down R & S Well Service Rig 26 in preparation of moving the rig to its next job. Mr. Enos alleges that he was holding the guide lines on the operator’s side of the rig while the operator lowered the derrick. At this time, as he turned his back to the rig and reached for a loose line, Mr. Enos was struck in the back by a three-foot derrick pin made of one inch sucker rod.
5. Plaintiff William Enos alleges that after the pin struck him, he remained on the ground until the R & S Well Service rig operator came to render assistance and drive him from the well location in the Circle Ridge Field to Marathon’s company office which is also located in the same field. At Marathon’s office, the R & S Well Service rig operator called a representative of Axiom to provide medical advice and treatment for Mr. Enos’ alleged injuries.
6. Plaintiff William Enos alleges that Marathon’s company man was present during the December 6, 2012 call with Axiom and led the discussion and decision making concerning all issues related to Mr. Enos’ injury, including: whether Mr. Enos’ injury should be reported to higher authorities with *422 Marathon or R & S Well Service; whether Mr. Enos’ injury should be reported to governmental agencies responsible for resolving such matter, such as the Wyoming Workers Compensation Division.
7. Plaintiff William Enos alleges that Marathon acted fraudulently on December 6, 2012 when its representative told Mr. Enos that he should not report his injury to proper governmental agencies, including the Wyoming Compensation Division.
8. Neither William Enos nor R & S reported the injury when it occurred to Wyoming Workers Compensation Division (“Division”)
9. William Enos on March 22, 2013 made a claim with the Division seeking medical and wage claims under the Wyoming Workers Compensation Act (“Act”), Wyo. Stat. Sec. 27-14-101, et seq,
10. The claims were denied April 2, 2013 for failing to promptly seek medical attention.
11. On December 10, 2013 William Enos withdrew his request for a contested case hearing and R & S did not object to this request. The case was dismissed December 12, 2013.
12. Plaintiffs William Enos and Antoinette Jorgenson, individually and as guardians of their minor children JEE, CLE, KWE and EJE, filed their Complaint in the above captioned matter on February 18, 2015.
13. Plaintiffs’ Complaint against Marathon alleges claims for negligence, fraud, and outrageous conduct, violation of public policy and loss of consortium.
14. The alleged acts, errors, omissions and/or fraud by Marathon giving rise to Plaintiffs’ Complaint occurred on December 6, 2012.
DISCUSSION
15. Defendants Marathon Oil Company (“Marathon”) and R & S Well Service (“R & S”) base their motions to dismiss upon the arguments that the claims are time barred by the terms of section 1-8-6 Shoshone and Arapaho Law and Order Code (“SALOC”) which provides that actions against individuals must be commenced within two (2) years of the date the cause of action occurred and that the claims are barred by the provisions of the Wyoming Workers Compensation Act pursuant to which benefits are the sole remedy. WS Sec 27-14-104.
16. When reviewing a motion to dismiss this court will apply the standards articulated in Wyoming and Federal law which provides that the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. The focus is on the allegations, liberally construed in the light, most favorable to the plaintiff. Dismissal will only be upheld when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief. Dismissal is a drastic remedy and is sparingly granted. Granberg [Gronberg] v. Teton [County] Housing Authority, 247 P.3d 35, 39[,] 2011 WY 13 (Wyo.2011)
CONCLUSIONS AT LAW
17. According to assertions in Plaintiffs’ Complaint, Enos was injured on December 6, 2012, or (December 12, 2012 as asserted by R & S), and this action was not commenced until February 18, 2015, beyond the two year limitations period set out in 1-8-6 *423 LOC. However, this court has consistently ruled that the limitations period set out in 1-8-6 LOC is inapplicable to corporations. In Behan v. Pioneer Oil and Gas, Civil No. 1582, June 28, 1992.
that:
The plain, ordinary, and unambiguous, meaning of the word “individual” is a single person (See Black’s Law Dictionary, Sixth Edition, 1991, Page 913)
⅜ ⅜ ⅜
(3) That applying the Tribal Statute of Limitations to the facts it is clear that the plain meaning of the rule precludes corporations from falling within its application and therefore no primary authority exists. As a result the Court looks to state law as secondary authority to allow the claim of Plaintiff because it was filed within the four (4) year Wyoming Statute of Limitations.
Therefore, the established Tribal law is that a corporation is not an “individual” or “single person” or, stated another way, an individual human being, for purposes of 1-8-6 LOC. The Court’s interpretation of the Section is consistent with the rules of statutory construction applied by Wyoming courts. General rules of construction direct that “[ujnless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense,” Jones v. State, 256 P.3d 536, 541 (Wyo.2011) and that “[i]n construing a statute, words must be given their plain and ordinary meaning.” Herring v. Welltech, Inc., 660 P.2d 361, 365 (Wyo.1983)
This court specifically concluded that the plain and ordinary meaning of “individual” does not include “corporation”. That the term may be interpreted differently in other contexts or by other courts does not require that this Court give the term a meaning beyond what is ordinarily understood. The Tribal Court is authorized and required to interpret provisions of the LOC as those provisions are understood within the Tribal context; within the context the Court has determined that “individual” does not mean “corporation” in 1-8-6 LOC. Even though Marathon claims it is a “person” too, there is no doubt this corporation is merely a fictitious non-aní-mate creation of man as opposed to a human being created in a spiritual process.
It is true that other sections of the LOC define “person” to include corporations. As the court views these provisions, they demonstrate that, in drafting the LOC, the Tribes could, and did, make clear the intention to include corporations within a word with a more limited generally understood meaning. The limitations section contains no similar definition and therefore, the Court concludes that the “familiar rule of ‘[ejxpressio unius est exclusion al-teráis’ ” applies—of corporations are not included in the list of those to which the limitations period applies, they must be considered to be excluded from the application of the provision. See, e.g., Town of Pine Bluffs v. State Board of Equalization, 79 Wyo. 262, 333 P.2d 700, 708 (1958).
18. Marathon argues that this Court’s interpretation of 1-8-6 LOC amounts to a denial of equal protection in violation of the provisions of the United States and Wyoming Constitutions. However:
The status of the tribes has been described as “an anomalous one and of complex character,” for despite their partial assimilation into American culture, the tribes have retained “a semi-independent position ... not as States, not as nations, not as possessed of the full attributes of sovereignty, but as a separate people, with the power of regulating their internal and social relations, and thus far not brought under the laws *424 of the Union or of the State within whose limits they reside.”
McClanahan v. Arizona State Tax Common, 411 U.S. 164, 173, 93 S.Ct. 1257, 86 L.Ed.2d 129, (1973), quoting United States v. Kagama, 118 U.S. 375, 381-382, 6 S.Ct. 1109, 30 L.Ed. 228, (1886)
Therefore, the application of equal protection standards must be considered within the framework of Tribal law and tradition. 25 U.S.C. 1301-1304.
This Court first ruled that 1-8-6 did not apply to corporations in Behan decided by this Court on June 29, 1992. Had the Tribes determined that holding to be inconsistent with the intent of provision, there has been ample time within which to alter or amend its term. Because there has been no alteration, the Court has no basis for now changing the clearly established interpretation. Moreover, the Court cannot say that the distinction is without understandable or allowable purpose. In fact, a corporation is not a person. Its attributes make treating it differently than an individual person for limitations purposes to be a rational and effective way to achieve allowable purposes. Unlike an individual, a corporation potentially exists forever and its “memory” is institutional and continues to be available. The risks posed by a potentially stale claim are much less significant in this circumstance. Moreover, as interpreted and prescribed by this Court, the four year statute of limitations set out by Wyoming law has been referred to in tort claims arising on the Wind River Reservation against corporations. This ruling cannot be viewed as placing corporations, such as Marathon or R & S, doing business on the Reservation at any true disadvantage, as they are effectively subject to the same limitations period as would be throughout the State of Wyoming in which the Reservation is located.
19. With specific reference to Plaintiffs’ claims based in fraud, the Court applies the test set out for review of a Motion to Dismiss and takes as true the facts as alleged in the Complaint and draws reasonable inferences from the alleged facts, Plaintiffs have stated a claim for fraud based on an injury/discovery date of April 2, 2013: Plaintiffs allege that Enos was directed by Marathon and R & S employees to continue reporting to work rather than seeking medical treatment or reporting the injury, that R & S did not report the injury as required by the law and that the Division cited these failures as reason to deny the Enos claim in its April 2, 2013, opinion. While Plaintiffs may not have explicitly stated that their claim arose on April 2, 2013, they have alleged facts that reasonably support that inference. Moreover, as discussed in Paragraph 11, above, the two year limitations period is not applicable in any event, and following the guidance of the Behan and Whit-lock cases, the Court concludes that applying a four year statute of limitations is correct under Tribal Law.
20. To reinterpret the law in the manner advocated by Defendants would work an injustice on Plaintiffs in this matter, who have reasonably relied upon the established law as to limitations periods. The Court is not persuaded that cause exists to alter existing law, but specifically concludes that even if such cause were to be found, application of a two year limitations period could be applied prospectively only, as to hold otherwise would be a violation of the due process standards applicable to proceedings before this Court.
*425 21. Marathon argues that if this Court determines that reference to Wyoming law is appropriate, then it must adopt the Wyoming “borrowing” statute, W.S. 1-3-117, which then requires the Court to follow1-8-6 LOG and apply its two year statute of limitations. This argument rests on a misunderstanding of the Tribal law and procedure. This court is not required to apply Wyoming limitations law. Instead, the Court has considered the existing Wyoming law as guidance in the absence of specific Tribal law on the point. The Court concludes that general principles of fairness and justice support the application of the four year statute of limitations in Wyoming law to tort claims against corporations.
Moreover, the provisions of W.S. 1-3-117 would not direct application of 1-8-6 in any event. The section provides that: “If by the laws of the state or country where the cause of action arose that action is barred, it is also barred in this state.” The Wind River Reservation is neither a state nor a country. The statute has no relevance in the present case because the cause of action, based on an accident within the boundaries of the Reservation, did not arise in another state or country. White Mountain Apache Tribe et al., v. Bracker, 448 U.S. 136, 142-143, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980). See also Muscogee (Creek) Nation v. Oklahoma Tax Comm’n, 611 F.3d 1222, 1236 (10th Cir.2010).
22. Under the Wyoming Workers Compensation system, an employer is absolutely immune from civil suit for compensable injuries. Clark v. Industrial Co. of Steamboat Springs, Inc., 818 P.2d 626 (Wy.1991); Ball v. City of Cheyenne, Wyo., 845 F.Supp. 803 (D.Wy.1993), affirmed in part, reversed in part 54 F.3d 664, See also, Cities Service Co. v. Northern Production Co., Inc., 705 P.2d 321 (Wy.1985); Mauler v. Titus, 697 P.2d 303 (Wy.1985).
23. On the other hand, if a particular injury is not compensable, then the employer has no immunity from civil suit. It is only when an employee is covered by workers’ compensation that the exclusive-remedy provisions of workers compensation laws preclude a direct action in tort. Hamlin v. Transcon Lines, 701 P.2d 1139 (Wyo.1985). Claims not covered under the workers’ compensation system, or excluded from coverage, may be pursued in tort by the employee against the employer. See, e.g. Sisco v. Fabrication Technologies, Inc., 350 F.Supp.2d 932, (D.Wyo.2004); Cook v. Shoshone First Bank, 126 P.3d 886 (Wyo.2006) (employee suicide). See also, Baker v. Wendy’s of Montana, 687 P.2d 885 (Wyo.1984).
24. The Workers Compensation claim filed by Enos was initially denied and R & S did not object to his withdrawal of the request for a hearing as to the denial.
25. The injury suffered by Enos was not covered by Workers Compensation, he received no benefits through the Workers Compensation system and therefore the corollary employer immunity does not arise. Therefore, Plaintiffs’ suit is not barred by the immunity provided by Wyo. Stat. 27-14-101, et seq.
26. Plaintiffs have alleged that R & S directed Enos not to report his injury and that the directive amounted to a veiled threat of loss of employment, a threat that Enos and his co-employees would lose safety bonus pay, or that R & S would lose the job and therefore all R & S employees on *426 location would be also lose their employment. Plaintiffs have also alleged, that as a result, Enos did not report the injury and was thereby deprived of his statutory benefits under the compensation scheme and that R & S failed to file an employer’s injury report with the Division within ten (10) days after it was notified of Enos’ injury. See Wyo. Stat. 27-14-506. Taking these allegations as true for purposes of this review, Plaintiffs have made allegations that may support a determination that R & S’s conduct was fraudulent and a violation of public policy. The Wyoming Supreme Court has ruled that violation of public policy by the employer can result in a cause of action in tort against the employer for damages. See Griess v. Consolidated Freightways Corp. of Delaware, 776 P.2d 752, 754 (Wyo.1999).
In Griess, the Wyoming Supreme Court found that an employee who is discharged for filing a workers’ compensation claim may bring a tort cause of action against the employer for retaliatory discharge in violation of public policy. The Court did not address the issue of whether the employer, who persuades an employee not to file a workers’ compensation report of injury and who does independently report a workplace injury, may lose its statutory immunity as a result of its violation of the strong public policy underlying the worker’s compensation scheme. However, this Court concludes that Wyoming law supports a cause of action in these circumstances and Plaintiffs have stated a claim under its theory.
For the reasons stated herein, the, pending Motions to Dismiss are hereby denied.